[Civ. No. 42723. Second Dist., Div. Four. Nov. 21, 1973.]

BANK OF AMERICA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CONTINENTAL ASSURANCE COMPANY, Real Party in Interest.

**COUNSEL**

Robert H. Fabian, Harris B. Taylor, Burton V. McCullough and Phillip D. Dapeer for Petitioner.

No appearance for Respondent.

Booth, Mitchel, Strange & Smith, Michael T. Lowe, Stephen H. Galton, Cyril E. Armbrister, Jr., and Joseph A. Burrow for Real Party in Interest.

**OPINION**

**KINGSLEY, J.**—According to the pleadings in the court below: On April 16, 1971, petitioner bank cashed a check, drawn on the First National Bank of Chicago, Illinois, by the real party in interest in favor of Eugene Pilawski in settlement of an insurance claim. The check bore an endorsement forged by someone unknown. The check, bearing the forged endorsement and endorsed by petitioner for collection, was forwarded to the payee bank, was honored by that bank, and the account of real party in interest at that bank was charged with its face amount. On January 19, 1972, a complaint was filed in respondent court, seeking recovery of the monies thus allegedly improperly charged to the account of the real party in interest. Through error on the part of plaintiff's counsel, the title of the complaint and summons bore the name of "Continental Casualty Company" as the party plaintiff. Sundry law and motion proceedings followed, resulting ultimately in the filing of a second amended complaint, which petitioner answered. All of those proceedings carried the erroneous caption showing "Continental Casualty Company" as party plaintiff.

On April 11, 1973, a motion in the name of the original plaintiff, sought to amend the caption by substituting the name of real party in interest for

that of the original plaintiff. On May 10, 1973, that motion was granted by an order reading as follows:[1]

"1. The caption is deemed amended to read CONTINENTAL ASSURANCE COMPANY, a corporation, plaintiff, vs. BANK OF AMERICA, a corporation, DOES 1 through 20, inclusive, defendant.

"2. The amendment of the caption relates back to the time of filing of the complaint.

"3. The proposed caption attached to plaintiff's moving papers is deemed filed and is henceforth the caption in this matter."

The present petition followed, seeking a writ of mandate ordering the trial court to vacate its order. We issued an alternative writ; the matter has been argued and submitted.

█ It is true, as petitioner contends, that, if the amendment results in setting forth a totally new cause of action, it could be barred for failure to allege facts necessary under subdivision 3 of section 340 of the Code of Civil Procedure and section 4406 of the Commercial Code. But that is not the question. The complaint (as ultimately amended) still sets forth the same basic cause of action. Only its title is affected. The pleadings filed by plaintiff have set forth copies of the check involved; these clearly show that Continental Assurance Company, the real party in interest, and not Continental Casualty Company, was the maker. Petitioner thus has, at all times, known exactly the case it would have to meet. The only prejudice that petitioner suggests is that, soon after the filing of the action, it inquired of the Secretary of State if Continental Casualty Company was authorized to do business in California and was advised that it was. It was stipulated at oral argument that, had the inquiry been directed to the status of the real party in interest, the same response would have been made.

We can see no legally material difference between the case before us and *Klopstock* v. *Superior Court* (1941) 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318]. In fact, in *Klopstock* a similar amendment was allowed even though the case had once been tried and reversed on appeal.[2]

---

[1]The record before us contains a copy of the "Notice of Ruling," served by plaintiff on petitioner. No one has suggested that it did not accurately report the court's order. We have quoted from the notice before us.

[2]In *Klopstock,* a stockholder's derivative action was brought in the name of an heir of a deceased stockholder; after trial and judgment for plaintiff, the appellate court reversed on the ground that the decedent's personal representative was the proper party plaintiff; on remand an amendment to substitute that person as plaintiff was allowed and the action was approved by the Supreme Court.

The alternative writ is discharged; the petition for a peremptory writ is denied.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied December 7, 1973, and petitioner's application for a hearing by the Supreme Court was denied January 16, 1974.