[No. G011297. Fourth Dist., Div. Three. Mar. 30, 1992.]

FRANCINE DILIBERTI, Plaintiff and Appellant, v.
STAGE CALL CORPORATION et al., Defendants and Respondents.

**COUNSEL**

Ronald P. Kaplan, Helms, Hanrahan & Myers and James J. Hanrahan for Plaintiff and Appellant.

Farano & Kieviet, Charles M. Farano and Steven M. Fischman for Defendants and Respondents.

**OPINION**

**SILLS, P. J.**—Attorneys frequently name the wrong individuals as defendants in lawsuits. No problem. When they ascertain who the true defendant should be, they simply amend their pleadings. Astonishingly, an attorney in this case filed suit naming the wrong person as the plaintiff.

Francine Diliberti and her sister Mary Jo Diliberti were involved in an automobile collision with a wayward wheel in November 1988. Francine was driving with Mary Jo in the front passenger seat. An automobile traveling in the opposite direction lost a wheel, which careened across a dirt

medium strip into Francine's vehicle. Fortunately, neither suffered life-threatening injuries; Francine was not injured at all, but Mary Jo was, and she retained an attorney to represent her. After an exchange of correspondence between the attorney and some claims adjusters, suit was filed in October 1989 naming Francine—not Mary Jo—as the plaintiff. Not only was the wrong sister named as the plaintiff, no mention was made of Mary Jo in the body of the complaint or even of the fact that there was a passenger in the car.

Over a year elapsed before the complaint was finally served in December 1990. Defendant Stage Call Corporation answered and requested medical records; the parties then apparently realized the wrong plaintiff had been named. By this time, of course, the statute of limitations had long since run; in fact, it expired over one year before the complaint was served. Mary Jo's attorney filed a motion to amend and substitute Mary Jo for Francine as plaintiff. ■■ ■■ That motion was denied, and this appeal ensued.[1]

Not surprisingly, there is a dearth of statutory and decisional law on "wrong plaintiff" cases. Code of Civil Procedure section 473 allows "a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect" upon such terms as the court may deem just. The precise question we face here is whether a party may be substituted after the statute of limitations has expired. We would have no trouble permitting the substitution of Mary Jo for Francine if the body of the complaint sounded as a claim for a passenger. Changing the caption would be nothing more than correcting an obvious mistake in form. (See *Kerr-McGee Chemical Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 594, 599 [206 Cal.Rptr. 654].) ■ Whether an amendment to change the name of a party will be allowed depends on whether the mistake is merely a misnomer in the description of the party or "a substitution or entire change of parties." (*Thompson* v. *Palmer Corporation* (1956) 138 Cal.App.2d 387, 390 [291 P.2d 995].) As Witkin has observed, "the allowance of amendment and relation back to avoid the statute of limitations does not depend on whether the parties are technically or substantially changed; rather the inquiry is as to whether the nature of the action is substantially changed." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1147, p. 564.)

*Bank of America* v. *Superior Court* (1973) 35 Cal.App.3d 555 [110 Cal.Rptr. 709] illustrates the point. There, a suit against Bank of America for

---

[1] We agree with appellant that the order denying the motion to amend is appealable, because it effectively terminates the action as to the "true" plaintiff, Mary Jo. (See *Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237, 241-242 [173 Cal.Rptr. 345]; *Majors* v. *County of Merced* (1962) 207 Cal.App.2d 427, 432 [24 Cal.Rptr. 610]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1991) § 2:101, p. 2-31.)

honoring a forged check named Continental Casualty Company (Casualty) as plaintiff when the intended plaintiff was another corporation by the name of Continental Assurance Company (Assurance). Both Casualty and Assurance, like our Francine and Mary Jo, were real, existing, and live legal entities. But there the similarities end. The complaint in *Bank of America, supra,* included a copy of the forged check which clearly showed Assurance and not Casualty to be the real party. Here, after reading the complaint, one would not even know Mary Jo existed, let alone know that there was a passenger in Francine's automobile.

*Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526 [124 Cal.Rptr. 370] is instructive: "The general rule governing the permissibility of the bringing in of additional plaintiffs after the period of the statute of limitations has elapsed . . . is that where the additional party plaintiff, joining in a suit brought before the statute of limitations has run against the original plaintiff, seeks *to enforce an independent right,* the amended pleading does not relate back, so as to render substitution permissible . . . ." (*Id.* at p. 533, italics in original.) The *Bartalo* court went on to demonstrate the point: "If a husband and wife were both injured in the same accident and the wife sued but the husband did not, the one-year statute of limitations would run on husband's cause of action, and if he tried to sue after the year had run defendant's demurrer that the claim was barred would be sustained. Surely if the wife then tried to amend her complaint to include his cause of action, it would be disallowed." (*Id.* at p. 534.) Except for the fact that we have sisters (instead of husband and wife) riding together in an automobile, the situations in *Bartolo* and this case are identical.

The result we reach here is also in harmony with a "wrong defendant" case which is otherwise nearly identical on its facts. In *Stephens* v. *Berry* (1967) 249 Cal.App.2d 474 [57 Cal.Rptr. 505], plaintiffs were the middle car in a three-car accident; they were hit by Berry and pushed into Reynolds. Just as here, settlement negotiations soon stalled, and plaintiffs filed a complaint. Inexplicably, they named only Reynolds as a defendant, even though they knew Berry was at fault. After the statute of limitations ran, plaintiffs discovered their error, and attempted to "substitute" Berry for Reynolds. The trial court would not allow such a substitution, and the Court of Appeal agreed, stating: "It may be that appellants always intended to sue Berry and not Reynolds, but that is not what they did. They sued Reynolds and asked to substitute Berry only after the statute had run against their claim. The case is not one of misnomer, but rather one of failure to name the right party as a defendant . . . ." (*Id.* at p. 479.) Here, there was a failure to name the right party as a plaintiff; however, the result is the same.

The denial of the motion to amend is affirmed.

Moore, J., and Wallin, J., concurred.

A petition for a rehearing was denied April 20, 1992, and appellant's petition for review by the Supreme Court was denied June 18, 1992.