[No. B068690. Second Dist., Div. Three. Dec. 22, 1993.]

CALIFORNIA AIR RESOURCES BOARD, Plaintiff and Appellant, v. LAWRENCE T. HART, Defendant and Respondent.

## COUNSEL

Michael P. Kenny and Diane Moritz Glazer for Plaintiff and Appellant.

Berman, Blanchard, Mausner & Kindem and Peter R. Dion Kindem for Defendant and Respondent.

## OPINION

**KLEIN, P. J.**—Plaintiff and appellant California Air Resources Board (the Board) appeals the judgment of dismissal entered in favor of defendant and respondent Lawrence T. Hart, individually and doing business as Bellflower Harley-Davidson (Hart), on the ground the Board is without standing to sue in this matter.

Because Health and Safety Code sections 7 and 43154, subdivision (b),[1] construed in light of Government Code section 11040, permit the Attorney General to delegate in writing to the Board's legal counsel the power to prosecute the instant civil action against Hart, the judgment is reversed.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 1991, the Board filed a complaint for civil penalties against Hart for violations of the Health and Safety Code. The complaint alleged the Board is "an agency of the State of California charged with protecting air quality in California, administering California's air pollution control laws and regulations, and enforcing the State's laws for the control of air pollution emissions from motor vedicles in California."

The complaint further alleged Hart, between July 12, 1987, and August 16, 1988, had sold 15 new motorcycles or engines which the Board had not certified as meeting California air pollution control standards and thereby had violated sections 43151, 43152 and 43153. The complaint listed the vehicle identification numbers of the 15 vehicles known to the Board, and asserted numerous other such violations had occurred.

The complaint sought civil penalties of $5,000 for each violation proved at trial, and for disgorgement of any profit realized on the sales involved in the violations.

Hart filed a pretrial brief which asserted the Board did not have standing to sue in that the Attorney General lacked the power to delegate the authority to bring this lawsuit to the Board's staff counsel. Hart sought dismissal of the action, inter alia, because (1) the complaint had been initiated by the staff counsel of the Board rather than the Attorney General as required by section 43154, subdivision (b), and (2) the matter had been prosecuted in the name of the Board instead of the People of the State of California.[2]

In response to the motion to dismiss, the Board moved to amend the complaint to substitute the People of the State of California as plaintiff. The

---

[1]All subsequent statutory references are to the Health and Safety Code unless otherwise specified.

[2]Section 43154, subdivision (b), provides, in pertinent part: "Any action to recover a penalty under this section shall be brought in the name of the People of the State of California . . . by the Attorney General on behalf of the state board, in which event all penalties adjudged by the court shall be deposited in the Air Pollution Control Fund, or by the district attorney or county attorney of such county, or by the city attorney of a city in that county, in which event all penalties adjudged by the court shall be deposited with the treasurer of the county or city, as the case may be."

Board also alleged the Attorney General had delegated to it, in writing, the power to prosecute this action. The Board relied on a letter dated March 25, 1991, from an assistant attorney general to the general counsel of the Board authorizing the Board "to be represented by [the Board's] legal staff in the enforcement action in this matter . . . . [¶] This authorization arises from the temporary staff shortage we are experiencing in this department and the inability to adequately review and evaluate the case before the March 31, 1991, filing date which your letter indicates is required to protect against the statute of limitations expiring."

The trial court concluded section 43154, subdivision (b), provided for prosecution of this action *exclusively* by the Attorney General in the name of the People of the State of California. It denied the Board's motion to amend the complaint, and ordered the case dismissed without prejudice.

The Board has taken this appeal.

## CONTENTIONS

The Board contends the Attorney General's delegation of prosecutorial power is authorized by statute, is consistent with the statutory scheme regulating the performance of the Attorney General's legal duties, and does not constitute the prohibited employment of special counsel.

The Board requests remand of the matter to the trial court with directions to grant the Board's motion for leave to file an amended complaint naming the People of the State of California as plaintiff.

## DISCUSSION

1. *Standard of review.*

   a. *Statutory interpretation is a question of law for this court.*

Issues of law are subject to plenary or de novo review. We independently determine the proper interpretation of the statutes involved. As this matter presents a question of law, we are not bound by the lower court's interpretation. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562-563 [7 Cal.Rptr.2d 531, 828 P.2d 672]; *California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Melamed* v. *City of Long Beach* (1993) 15 Cal.App.4th 70, 76-77 [18 Cal.Rptr.2d 729].)

b. *Rules of statutory construction.*

" 'We begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.] In determining such intent "[t]he court turns first to the words themselves for the answer." [Citation.] We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations.] "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." [Citation.] "[A] construction making some words surplusage is to be avoided." [Citation.]' " (*Woosley* v. *State of California* (1992) 3 Cal.4th 758, 775-776 [13 Cal.Rptr.2d 30, 838 P.2d 758]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

"Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.]" (*Burden* v. *Snowden, supra*, 2 Cal.4th at p. 562.)

2. *Function of Attorney General as chief law officer.*

██ "The Attorney General, . . . , is the chief law officer of the state (Cal. Const., art. V, § 13). As such he possesses not only extensive statutory powers but also broad powers derived from the common law relative to the protection of the public interest. [Citations.] '[H]e represents the interest of the people in a matter of public concern.' [Citation.] Thus, 'in the absence of any legislative restriction, [he] has the power to file any civil action or proceeding directly involving the rights and interests of the state, or which he deems necessary for the enforcement of the laws of the state, the preservation of order, and the protection of public rights and interest.' [Citation.] Conversely, he has the duty to defend all cases in which the state or one of its officers is a party. (Gov. Code, § 12512.)" (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 14-15 [112 Cal.Rptr. 786, 520 P.2d 10]; *Kilgore* v. *Younger* (1982) 30 Cal.3d 770, 784-785 [180 Cal.Rptr. 657, 640 P.2d 793]; *State Board of Pharmacy* v. *Superior Court* (1978) 78 Cal.App.3d 641, 644-645 [144 Cal.Rptr. 320].)

"Government Code section 12511 provides that the 'Attorney General has charge, as attorney, of all legal matters in which the State is interested . . . .' [Government Code section] 12512 provides that the 'Attorney General shall . . . prosecute or defend all causes to which the State, or any State officer, is a party in his official capacity; . . .' " (*People* ex rel. *Deukmejian* v. *Brown* (1981) 29 Cal.3d 150, 154 [172 Cal.Rptr. 478, 624 P.2d 1206].)

### 3. *Analysis of relevant statutes.*

#### a. *The Board's reliance on pertinent code sections.*

Section 43154, subdivision (b), states a general rule. To reiterate, it provides: "Any action to recover a penalty under this section shall be brought in the name of the People of the State of California . . . by the Attorney General on behalf of the state board . . . ." (§ 43154, subd. (b).)

■ The Board initially defends its right to prosecute this action based on section 7, one of the general provisions. That section provides: "Whenever a power is granted to, or a duty imposed upon, a public officer, the power may be exercised or the duty may be performed by a deputy of the officer or by a person authorized, pursuant to law, by the officer, unless this code expressly provides otherwise." (§ 7.)

The Board reasons this section grants the Attorney General, a public officer, authority to delegate the performance of an official duty of that office to another, here the Board, unless such delegation expressly is prohibited. The Board asserts delegation is not prohibited by section 43154, subdivision (b), as that section merely directs and empowers the Attorney General to bring an action on behalf of the Board in the name of the People of the State of California.

The Board further claims such delegation is appropriate pursuant to Government Code section 11040 which provides: "This article does not affect the right of any State agency or employee to employ counsel *in any matter of the State*, after first having obtained the *written consent of the Attorney General*." (Italics added.)[3] The Board maintains it properly has obtained not only the written consent but also the encouragement of the Attorney General to employ its own legal staff specifically to prosecute this action against Hart.

The Board next points out the Attorney General has construed Government Code section 11040 in a formal Attorney General opinion to allow

---

[3]Effective January 1, 1992, the quoted portion of this section was designated subdivision (a), and subdivisions (b) and (c) were added to it. The added subdivisions provide: "(b) It is the intent of the Legislature that overall efficiency and economy in state government be enhanced by employment of the Attorney General as counsel for the representation of state agencies and employees in judicial and other proceedings. [¶] (c) Except with respect to employment by the state officers and agencies specified by title or name in section 11041 . . . or when specifically waived by statute other than Section 11041, *the written consent of the Attorney General is required prior to employment of counsel for representation of any state agency or employee in any judicial proceeding.*" (Gov. Code, § 11040, subds. (b) & (c), italics added.)

state agencies to prosecute actions on behalf of the state. While the fact situation is not comparable, the opinion lends some support to the Board's position.

In 58 Ops.Cal.Atty.Gen. 33 (1975), the Attorney General addressed whether the Department of Benefit Payments could prosecute an action in small claims court to recoup from a responsible adult child benefits paid to an elderly parent. The Attorney General concluded: "It is the opinion of this office that the power of the Attorney General under Government Code section 11040 to authorize a state agency to 'employ counsel' in order to represent itself in Court includes the power to authorize a state agency to represent itself in Court through lay personnel in those situations where representation by attorney is not allowed." (58 Ops.Cal.Atty.Gen. at p. 35.)

The Board also asserts the delegation of the right to prosecute this action is consistent with the statutory framework of Government Code section 11000 et seq., which regulates state agencies. The right to employ counsel with the written consent of the Attorney General precedes other provisions which discuss the representation of state agencies. Government Code section 11041 lists the agencies which do not need to obtain the written consent of the Attorney General. Government Code section 11042 prohibits state agencies from employing legal counsel other than the Attorney General.[4] Government Code section 11043 then states, except as allowed in section 11041, statutes authorizing the employment of legal counsel shall be construed as referring to the Attorney General.

The Board concludes it properly may prosecute this lawsuit because no statutory provision *expressly prohibits* it.

  b.  *Hart's response and citation to Government Code sections 12512 and 12520.*

Hart asserts section 43154, subdivision (b), specifically requires enforcement actions brought under section 43154 to be maintained by the Attorney General in the name of the People of the State of California. Hart contends section 7 does not control here because it permits delegation of power only "pursuant to law." Hart argues no "law" permits the Attorney General to delegate his prosecutorial power. Hart reasons Government Code section 12512 requires the Attorney General to prosecute all causes to which the state is a party, and section 12520 prohibits the employment of special

---

[4]Government Code section 11042 provides: "No State agency shall employ any legal counsel other than the Attorney General, or one of his assistants or deputies, in any matter in which the agency is interested."

counsel by the Attorney General except in two enumerated situations, neither of which is present here.

4. *The Attorney General may delegate to the Board in writing the authority to prosecute this lawsuit.*

a. *The instant delegation was proper.*

Pursuant to our right of de novo review, this court must interpret a number of seemingly discordant code sections; this analysis requires a reconciliation among them. One statute authorizes a civil action against polluters by the People of the State of California. Said action may be prosecuted by any of several public officers including the Attorney General. Another section of the same code, section 7, permits the delegation of any power granted in the code to any person authorized, pursuant to law, by the officer, unless this code expressly provides otherwise. The language of certain Government Code sections cited by Hart is more limiting. Those sections reinforce Hart's view the Attorney General is solely responsible for the prosecution of this case.

However, the parties have not brought to our attention any statute, nor has our research disclosed any law, which expressly *prohibits* the Attorney General from acting through agents as provided for in section 7. In fact, Government Code section 11040 specifically allows a state agency to employ counsel with the written consent of the Attorney General. From the Attorney General's letter to the Board, it is clear the Attorney General also is *inviting* the Board to proceed timely to prosecute Hart.

Given the broad powers the Attorney General enjoys derived from the Constitution and the common law and in the absence of any "legislative restriction," the Attorney General's written consent constitutes a proper delegation to the Board of the power to proceed against Hart under section 43154. (See *State Bd. of Education* v. *Honig* (1993) 13 Cal.App.4th 720, 770 [16 Cal.Rptr.2d 727].)

The Legislature has not acted to establish any criteria for this delegation of power or limitation thereof except to require the Attorney General's written consent. We, therefore, conclude the relevant statutes allow the Attorney General to authorize the Board in writing to bring this action in the name of the People of the State of California.

b. *The Attorney General's delegation to the Board is not inconsistent with any public policy.*

In addition to the statutory support for the Attorney General's delegation of authority, this court is not aware of any public policy which would

be impinged by our result. The requirement the Board obtain the written consent of the Attorney General before proceeding ensures the continued consolidation of the legal work performed on behalf of the state in the office of the Attorney General. (See *Evans* v. *Superior Court* (1939) 14 Cal.2d 563, 576 [96 P.2d 107].)

Moreover, despite the requirement the Attorney General shall prosecute and defend all actions to which the state or an officer of the state is a party, it is well settled that, pursuant to the authority of Government Code ·section 11040, the Attorney General properly may *withdraw* as counsel for his state clients and *authorize* them to employ counsel upon the appearance of a potential conflict between the public interest and the Attorney General's duty to defend cases in which the state or one of its officers is a party. (*People* ex rel. *Deukmejian* v. *Brown, supra,* 29 Cal.3d at pp. 154-155; *D'Amico* v. *Board of Medical Examiners, supra,* 11 Cal.3d 1, at p. 15.)

If the Attorney General may authorize state clients to employ counsel in potential conflict situations, a similar result should obtain when he is unable to represent a state agency for a different but equally legitimate reason.

Here, the shortage of staff which prevented the Attorney General from proceeding threatened to extinguish a civil penalty action. Had the Attorney General not delegated the authority to prosecute this action, the Board's ability to enforce the air pollution control laws would be frustrated, public confidence in government would be undermined, and other potential violators would be undeterred. None of these results is acceptable. Thus, the timely delegation of prosecutorial power to the Board also was consistent with the Attorney General's duty to guard the public welfare and enforce the instant provisions of the Health and Safety Code.

5. *The instant delegation does not constitute the employment of "special counsel."*

■ Hart asserts the instant delegation violates Government Code section 12520 which states: "The Attorney General shall not employ special counsel in any case except pursuant to either of the following: [¶] (a) Article 3 (commencing with Section 12450). [¶] (b) Article 4 (commencing with Section 12550)." The cited articles deal with actions by the state regarding escheated property and the supervision of district attorneys respectively.

Neither of those functions is involved here. Further, this case does not involve the employment of special counsel by the Attorney General. That term has been construed to refer to outside counsel, that is, counsel hired

from the private sector to perform services for the state who are paid out of public funds. (See, *Evans* v. *Superior Court, supra,* 14 Cal.2d at pp. 575-577; *People* ex rel. *Deukmejian* v. *Worldwide Church of God* (1981) 127 Cal.App.3d 547, 556 [178 Cal.Rptr. 913].)

The predecessor of Government Code section 12520 (former Pol. Code, § 473, subdivision (a)) was enacted "to centralize the legal work done on behalf of the state, . . . , in the office of the attorney-general and to substitute the attorney-general, his assistants and deputies in the place and stead of the various counsel who were formerly employed on state work in the several departments and who were paid with public funds by the various departments." (*Evans* v. *Superior Court, supra,* 14 Cal.2d at p. 576.)

The general counsel of the Board already is employed by a state agency. Thus, prosecution of this action by the Board does not involve the employment of special counsel by the Attorney General.

6. *Amendment to name the state as plaintiff appears proper.*

Code of Civil Procedure section 473 states, in part: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; . . . The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; . . ."

Code of Civil Procedure section 473 has been construed to permit amendment to substitute a plaintiff with standing for one who is not a real party in interest. (*Klopstock* v. *Superior Court* (1941) 17 Cal.2d 13, 19-22 [108 P.2d 906, 135 A.L.R. 318]; *Powers* v. *Ashton* (1975) 45 Cal.App.3d 783, 790 [119 Cal.Rptr. 729].)

"Whether an amendment to change the name of a party will be allowed depends on whether the mistake is merely a misnomer in the description of the party or 'a substitution or entire change of parties.' (*Thompson* v. *Palmer Corporation* (1956) 138 Cal.App.2d 387, 390 . . . .) As Witkin has observed, 'the allowance of amendment and relation back to avoid the statute of limitations does not depend on whether the parties are technically or substantially changed; rather the inquiry is as to whether the nature of the action is substantially changed.' (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1147, p. 564.)" (*Diliberti* v. *Stage Call Corp.* (1992) 4 Cal.App.4th 1468, 1470 [6 Cal.Rptr.2d 563].)

Amendment generally is proper where leave is sought to substitute a new plaintiff based upon a technical defect in the plaintiff's status, such as an honest mistake in the naming of a party, but may not be used to interject a new party into the litigation for the first time under the guise of a misnomer. (*Kerr-McGee Chemical Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 594, 598-599 [206 Cal.Rptr. 654]; *Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526, 534 [124 Cal.Rptr. 370].)

*Jensen* v. *Royal Pools* (1975) 48 Cal.App.3d 717, 721 [121 Cal.Rptr. 805], illustrates this principle. There, an action was commenced by an unincorporated association of condominium owners which, based on an intervening appellate decision, lacked standing to sue. The trial court properly permitted an amendment relating back to substitute two individual owners as plaintiffs. (See also *Bank of America* v. *Superior Court* (1973) 35 Cal.App.3d 555, 557 [110 Cal.Rptr. 709].)

■ Based on the record before us, it appears the amendment sought by the Board is a technical one which in no way affects the nature of this action. Substitution of the People of the State of California as plaintiff for a state agency does not add a new party to the action.

Accordingly, for the benefit of the trial court upon remand, we note the substitution requested by the Board appears to have been appropriate.

## CONCLUSION

The Board properly may maintain the instant action in the name of the People of the State of California against Hart with the written authorization of the Attorney General. Accordingly, the judgment is reversed.

## DISPOSITION

The judgment is reversed. The Board to recover its costs on appeal.

Croskey, J., and Hinz, J., concurred.