Filed 3/25/14  Openiano v. Hammer CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RENATO OPENIANO, et al., | D062157 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. Nos. 37-2010-00093820-CU-BC-CTL; 37-2010-00093824-CU-BC-CTL; 37-2010-00101026-CU-BC-CTL) |
| JON HAMMER, et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, William S. Dato, Judge.  Affirmed.

Renato Openiano, Melvin Zaragoza and Alfonso Limtengco, in propria personas, for Plaintiffs and Appellants.

Procopio, Cory, Hargreaves & Savitch, Kendra J. Hall, Paul A. Tyrell and Ryan C. Caplan for Defendants and Respondents.

Renato Openiano appeals a judgment following a successful motion for summary judgment brought by Jon Hammer; Hammer IRP Bonita, LLC; and Hammer Development, LLC (collectively Hammer Defendants).  Similar to his opposition to the

Hammer Defendants' motion for summary judgment, Openiano's opening brief does not address the primary argument the Hammer Defendants proffered in their motion for summary judgment (Openiano's lack of standing). We determine that the Hammer Defendants satisfied their initial burden of showing that Openiano lacks standing here, and Openiano does not show a triable issue of material fact exists. Accordingly, we affirm the judgment.

In addition to opposing the Hammer Defendants' motion for summary judgment, Openiano moved for leave to amend his complaint. In its order granting summary judgment, the superior court denied Openiano's motion, and Openiano also challenges this ruling. On the record before us, it is clear the superior court did not abuse its discretion in denying Openiano's motion for leave to amend. Openiano had multiple opportunities to allege a valid cause of action and failed to do so. We are not persuaded that his efforts would have finally proved successful with yet another chance and the Hammer Defendants would be prejudiced if Openiano was permitted again to amend his complaint.

Also, Melvin Zaragoza and Alfonso Limtengco attempt to appeal the judgment in this matter. Neither one, however, has shown that he has the standing to do so. The Hammer Defendants' motion for summary judgment was directed only at Openiano. Further, Zaragoza and Limtengco do not appear to have alleged any claims against the Hammer Defendants in the instant matter. Thus, they lack standing to participate here.

2

FACTUAL AND PROCEDURAL BACKGROUND

*The Parties*

Openiano was a real estate agent with Tibro Realty.  He represented Zaragoza and Limtengco in the purchase of two condominium units in a conversion project called Villa Bonita.  Tibro Realty is a registered fictitious business name for Tibro Inc., a California corporation.  Neither Tibro Realty nor Tibro Inc. is a party to this appeal.  The California Secretary of State suspended the powers, rights, and privileges of Tibro Inc. on July 30, 2009 and the California Franchise Tax Board did the same on January 4, 2010.

Hammer IRP Bonita, LLC was the entity that developed and sold residential condominium units at Villa Bonita.  Hammer Trails Members, LLC was previously a member of Hammer IRP Bonita, LLC, but went defunct in June 2009.  Hammer Trails Members, LLC is not a party in the instant matter.  Hammer Development, LLC is a California limited liability company and was once the manager of Hammer Trails Members, LLC.  Jon Hammer is the president of Hammer Development, LLC and an authorized signatory for both Hammer Development, LLC and Hammer IRP Bonita, LLC.   Neither Jon Hammer nor Hammer Developments, LLC were a party to the subject real estate transactions at Villa Bonita.

*The Purchases of the Condominium Units*

On September 28, 2007, Hammer IRP Bonita, LLC sold Villa Bonita Unit A101 to Zaragoza.  On the same date, Hammer IRP Bonita, LLC sold Villa Bonita Unit A104 to Limtengco.  Openiano caused the purchase prices for these properties to be raised by $30,000 each so that the additional funds could be converted to bonuses payable to Tibro

3

Realty. Tibro Realty was in turn to pay $27,500 of each bonus to Openiano as the buyers' agent. In return for each incurring an additional $30,000 in debt, Zaragoza and Limtengco were promised flat screen televisions. After both transactions closed, no bonus payment was made to Tibro Realty. As such, Openiano did not receive any bonus, and Zaragoza and Limtengco did not receive flat screen televisions.

*Openiano's First Lawsuit against the Hammer Defendants*

In March 2008, Openiano sued the Hammer Defendants for multiple causes of action seeking the alleged unpaid $30,000 bonuses in connection with the sales of units A101 and A104. However, the addenda to the subject purchase agreements only refer to an alleged bonus payment to Tibro Realty not Openiano. Following several rounds of demurrers and multiple amended complaints, the Hammer Defendants defeated a majority of Openiano's claims because he lacked standing to sue for money owed to Tibro Realty. Rather than proceed with his two remaining causes of action for unjust enrichment and fraud, Openiano dismissed the action without prejudice two days before trial.

*The Second Lawsuit against the Hammer Defendants*

In June 2010, Openiano again filed suit against the Hammer Defendants (Openiano Action). In this suit, Openiano alleged that Tibro Realty had assigned its claims to him. As in the previous suit, Openiano sought damages based on the unpaid $30,000 bonus for each sale of the two condominium units. Openiano also filed two additional lawsuits against First American Title Company (First American). One of the lawsuits was filed on behalf of Tibro Realty, Openiano, and Zaragoza (the Zaragoza

4

Action), and the other on behalf of Tibro Realty, Openiano, and Limtengco (the Limtengco Action). None of the Hammer Defendants were defendants in either the Zaragoza or Limtengco Actions.

*The Assignment*

On March 17, 2011, Tibro Realty's prior broker of record, Derrick Breaux, produced a document entitled "Assignment of Rights" supporting Openiano's claimed right to sue for the bonuses allegedly due to Tibro Realty.

Openiano signed the document with the date August 1, 2009 handwritten next to his signature. Breaux signed the assignment with the date February 5, 2011 handwritten next to his signature. Under Breaux's signature is a handwritten parenthetical stating "previously agreed to verbally." The assignment states that it is contingent upon valuable consideration. The second page of the assignment is entitled "Agreement For Valuable Consideration" and is signed by Openiano and dated August 1, 2009. However, the entirety of this page is crossed out and above the signature line for Breaux are the handwritten words: "Void-see other agreement." The third page of the assignment also is titled "Agreement for Valuable Consideration" and is signed by Breaux and dated February 5, 2011. This third page contains different terms than the second page. Openiano did not sign the third page.

Tibro Realty is not a party to the assignment, but Breaux is referred to as the broker of Tibro Realty. However, the relationship between Breaux and Tibro Realty is not explained in the assignment. There is no indication in the assignment that Breaux is signing on behalf of Tibro Realty. Instead, the assignment states: "Breaux, resident of

5

San Diego, CA 92139 hereby assign [sic] to . . . Openiano, any and all claims against First American Title Company, Jon Hammer and Hammer Group of Companies, et al., and other John Does 1-15, etc., such claims relating to the purchase of [condominium units A101 and A104]." The assignment further provides that Breaux is assigning "any and all claims and also any and all . . . rights pertaining to [his] present and future lawsuit with First American Title Company, Jon Hammer and Hammer Group of Companies, et al., and other John Does 1-15, etc. relating to the above purchases." But for a reference to Breaux as the broker for Tibro Realty on the pages entitled "Agreement for Valuable Consideration," Tibro Realty is not mentioned anywhere in the assignment.

*The Consolidation of the Three Actions*

In February 2011, the court consolidated the Openiano, Zaragoza, and Limtengco Actions with the Openiano Action becoming the lead case. At the same time, the court ruled that Openiano, as a nonlawyer, could not represent Tibro Realty. Further, because Openiano maintained that Tibro Realty had assigned its claims to him, the court ruled that Openiano was the real party in interest. As such, the court dismissed Tibro Realty as a plaintiff because it lacked standing.

After some procedural missteps, a second amended consolidated complaint was deemed filed. The caption of this complaint only refers to Openiano and Zaragoza as named plaintiffs, but the first paragraph of the complaint lists Openiano, Limtengco, and Zaragoza as plaintiffs. However, later in the complaint, it is alleged that Zaragoza assigned his rights to Openiano, "except the assignment of his rights to claims of punitive damage and emotional distress damages and other claims and rights that will be lost or

6

disallowed by having these rights assigned, since Zaragoza personally appears as a pro se plaintiff in this consolidated complaint."  It also is alleged that Limtengco "has assigned his rights and claims to Openiano" but "retains his rights to claim for emotional distress and punitive damages . . . ."  Unlike the allegations involving Zaragoza, there is no indication that Limtengco is proceeding as a named plaintiff in the instant matter.  In fact, he does not sign the complaint.  Instead, it is alleged in the complaint that Limtengco cannot be "physically" present for any civil proceedings because he is an active member of the Navy.

Of the 22 causes of action in the second amended consolidated complaint, eight are aimed against at least one of the Hammer Defendants (the 1st, 2nd, 3rd, 12th, 13th, 15th, 16th, and 18th causes of action).  These claims are brought only by Openiano.  There is no cause of action against any of the Hammer Defendants brought by Limtengco or Zaragoza.  Moreover, the complaint explicitly alleged that "any claim in any of the Causes of Action against the Seller . . . it will only be claimed by Plaintiff Openiano as himself, and Openiano as the assignee of Tibro Realty."  The complaint further explains that neither Limtengco nor Zaragoza will assert claims against the seller.  As no cause of action is asserted against the Hammer Defendants by name, but only against the "Seller," the second amended consolidated complaint contains no causes of action against any of the Hammer Defendants on behalf of Limtengco or Zaragoza.

In addition, the second amended consolidated complaint is somewhat unclear regarding which Hammer Defendant should be liable for each claim.  In the prefatory statement of the complaint, First American Title; Jon Hammer; Hammer IRP Bonita,

7

LLC; Hammer Development, LLC; Villa Bonita Homes, LLC; and Hammer Trails Member, LLC are referred to as defendants. After the listing of Hammer Trails Member, LLC, the complaint includes a parenthetical ostensibly defining that defendant as "Defendant Seller" or "Seller." Yet, throughout the majority of the complaint, Jon Hammer is alleged to be the seller. The contracts attached to the second amended consolidated complaint and incorporated by reference, however, identify Hammer IRP Bonita, LLC as the seller.

The Hammer Defendants demurred to the second amended consolidated complaint, and the superior court sustained the demurrer without leave to amend as to the 1st (on behalf of Jon Hammer and Hammer Development, LLC only), 2nd, 12th, 13th, 15th, 16th, and 18th causes of action.[1]

*The Hammer Defendants' Motion for Summary Judgment*

The Hammer Defendants moved for summary judgment on the remaining two claims against them. The motion focused on Openiano's lack of standing to bring suit against the Hammer Defendants. Specifically, the Hammer Defendants argued: (1) Openiano was not the real party in interest, (2) the assignment was invalid; (3) even if the assignment was valid, it did not assign any rights from Tibro Realty, and (4) Tibro Realty could not assign any claims because it was a suspended corporation. In opposition

---

[1]    First American also demurred to the second amended consolidated complaint and the superior court sustained the demurrer without leave to amend in its entirety. Openiano and Zaragoza appealed from the ensuing judgment of dismissal. We affirmed the judgment. (See *Openiano v. First American Title Company* (Sept. 26, 2013, D061414) [nonpub. opn.].)

to the motion for summary judgment, Openiano countered that he had a valid assignment from Tibro Realty, and even if the court were to find that assignment invalid, he was the assignee of both Zaragoza and Limtengco. However, Openiano did not offer evidence to support his position.

After considering the pleadings and evidence as well as hearing oral argument, the superior court granted the Hammer Defendants' motion for summary judgment. In doing so, the court found that there did not appear to be a "meeting of the minds" between Breaux and Openiano in regard to the actual terms of the assignment, the claims on which Openiano sued the Hammer Defendants belonged to Tibro Realty and Tibro Realty was not a party to the assignment, and Tibro Realty was a suspended corporation at the time of the assignment and could not assign any claims as a matter of law.

*Openiano's Motion to File a Third Amended Consolidated Complaint*

In addition to opposing the Hammer Defendants' motion for summary judgment, Openiano moved for leave to file a third amended consolidated complaint. Openiano sought to add causes of action for fraud, unfair competition, cancellation of a void instrument, cancellation of escrow, declaratory relief, and civil conspiracy to commit fraud. Openiano also indicated that the third amended consolidated complaint would include the conversion claim alleged in the second amended consolidated complaint. The Hammer Defendants opposed the motion for leave to amend, arguing none of the new claims were viable, the claims were time barred, the claims involved First American, which was no longer a party in the suit, all the new claims were variations of the breach

9

of contract claim alleged in the second amended consolidated complaint, and the third amended complaint would prejudice the Hammer Defendants.

The superior court denied the motion, finding Openiano: (1) unreasonably delayed in seeking to amend the complaint, (2) had ample opportunity to discover and allege the claims he sought to add; and (3) failed to comply with California Rules of Court, rule 3.1324(a)(2) and (3). The court also ruled that the new claims were time barred because they did not relate back to the original complaint and at least one of the claims sought to relitigate an issue that was already decided and was on appeal in connection with First American's successful demurrer.

The court subsequently entered judgment in favor of the Hammer Defendants. Openiano timely appealed.

DISCUSSION

I

*STANDING TO APPEAL*

Zaragoza and Limtengco identify themselves as appellants in the opening and reply briefs. The Hammer Defendants argue that neither one has standing to appeal because they either were not parties in the underlying suit or alleged no claims against any of the Hammer Defendants. We agree with the Hammer Defendants that Zaragoza and Limtengco lack standing to appeal the judgment here.

An appeal may be taken only by those who have standing to appeal, which is a jurisdictional requirement. (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.) To have appellate standing, an appellant must be both a "party" and legally "aggrieved." (Code

Civ. Proc., § 902.)[2]  Here, Zaragoza and Limtengco clearly lack standing to appeal.  The motion for summary judgment was aimed only at Openiano.  The judgment only relates to Openiano.  Zaragoza does not allege any cause of action against any of the Hammer Defendants and fails to explain why he has standing here.

Limtengco's claim to have standing fares no better than Zaragoza's.  Limtengco is not a named plaintiff in the second amended consolidated complaint.  He did not sign the second amended consolidated complaint.  Although an unsigned complaint is an irregularity rather than a nullity and may be cured by amendment (see *Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1164), the allegations of the second amended consolidated complaint make clear that Limtengco cannot and does not seek to participate as a plaintiff in the action.  Moreover, Limtengco did not seek to become a plaintiff by way of the proposed third amended complaint.

In short, neither Zaragoza nor Limtengco have standing to appeal the judgment here.

II

*MOTION FOR SUMMARY JUDGMENT*

A.  General Principles Governing Pro Per Appeals

Initially, we observe that Openiano, as an in propria persona litigant, is "entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)  For

---

[2]  Statutory references are to the Code of Civil Procedure unless otherwise specified.

11

any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Additionally, as a general rule, we will consider only the points raised in the trial court. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592 [arguments raised for the first time on appeal are deemed forfeited].) Although this court can use its discretion to consider an argument for the first time on appeal, the argument must involve a pure question of law determinable from uncontroverted facts. (*Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1141.) Finally, it is well settled that a contention made for the first time in an appellant's reply brief, unaccompanied by any reason for its omission from the opening brief, is ordinarily deemed waived and disregarded on appeal because considering it either deprives the respondent of an opportunity to answer it or requires the effort and delay of an additional brief by permission. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764-765.)

### B. Summary Judgment and Standard of Review

The standard of review for an order granting a motion for summary judgment is de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).)

In performing our independent review, we apply the same three-step process as the trial court. "Because summary judgment is defined by the material allegations in the pleadings, we first look to the pleadings to identify the elements of the causes of action for which relief is sought." (*Baptist v. Robinson* (2006) 143 Cal.App.4th 151, 159 (*Baptist*).)

"We then examine the moving party's motion, including the evidence offered in support of the motion." (*Baptist*, *supra*, 143 Cal.App.4th at p. 159.) A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (§ 437c, subd. (o); *Aguilar*, *supra*, 25 Cal.4th at p. 850.)

If the defendant fails to make this initial showing, it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied. However, if the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849; *Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002-1003.)

In determining whether the parties have met their respective burdens, "the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citations], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar*, *supra*, 25 Cal.4th at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a

13

reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id*. at p. 850, fn. omitted.) Thus, a party "cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact." (*LaChapelle v. Toyota Motor Credit Corp.* (2002) 102 Cal.App.4th 977, 981.)

### C. Analysis

#### 1. The Causes of Action

Here, the Hammer Defendants moved for summary judgment against Openiano's two remaining claims: breach of contract and conversion. For the breach of contract claim, Openiano bases his claim on two agreements. The first is entitled "Villa Bonita Purchase Agreement and Escrow Instructions" and is between Zaragoza and Hammer IRP Bonita, LLC for the purchase of condominium unit A101 and is attached to the second amended consolidated complaint as exhibit A. An addendum to the agreement states, in handwriting, that "Sales Bonus of $30,000, which will be payable to broker as a bonus at close of escrow. PAYABLE TO TIBRO REALTY."

The second agreement also is entitled "Villa Bonita Purchase Agreement and Escrow Instructions" and is between Limtengco and Hammer IRP Bonita, LLC for the purchase of condominium unit A105 and is attached to the second amended consolidated complaint as exhibit B. An addendum to the agreement changed the unit from A105 to A104. An additional addendum stated, in handwriting, that "Seller to credit $30,000 for bonus to broker on top of the established 5% Broker Co-Op."

14

Openiano alleges that at the close of escrow for the purchase of each unit, Hammer IRP Bonita, LLC was required, under the respective agreements, to pay the broker, Tibro Realty, $30,000. However, Openiano avers that no such payment was made, and thus, the purchase agreements were breached.

Openiano's claim of conversion arises out of the same failures to pay the two $30,000 bonuses under the purchase agreements. Openiano avers these funds were converted and the seller received the funds and retained them. He explicitly alleges these funds were "designated to be paid to Tibro Realty."

The common thread to Openiano's two causes of action against the Hammer Defendants is that Tibro Realty was owed money, but not paid. In other words, Tibro Realty was harmed. There are no allegations that Openiano was a party to any purchase agreement with Hammer IRP Bonita, LLC or that he was an intended third party beneficiary of either contract. Instead, Openiano alleges that Tibro Realty assigned "all the rights to any and all claims" to him.

### 2. *The Hammer Defendants' Motion for Summary Judgment*

A defendant may defeat an action on a motion for summary judgment without attacking each cause of action separately by showing the action has no merit because the plaintiff lacks standing. (See *Lickter v. Lickter* (2010) 189 Cal.App.4th 712, 736 (*Lickter*).) That is the approach the Hammer Defendants take here.

The Hammer Defendants argue that the remaining two claims of breach of contract and conversion belong to Tibro Realty. The Hammer Defendants then claim that the purported assignment was invalid. In support of their position, the Hammer

15

Defendants offer into evidence the assignment. The Hammer Defendants stress that the assignment did not assign any of Tibro Realty's claims because Tibro Realty was not a party to it. They are correct that neither Tibro Realty nor a representative of Tibro Realty signed the agreement. Instead, Breaux signed it, and it is Breaux who assigned "any and all claims" to Openiano. The first page of the assignment does not mention Tibro Realty at all. The second and third page state that Breaux is "the broker of Tibro Realty" but there is no further explanation regarding the relationship between Breaux and Tibro Realty. Further, there is nothing in the assignment indicating that Breaux signed it on behalf of Tibro Realty or that he was authorized to do so. Based on this evidence alone, we are satisfied that the Hammer Defendants have fulfilled their burden of showing that Openiano lacked standing to sue on behalf of Tibro Realty. (See *Lickter*, *supra*, 189 Cal.App.4th at p. 736.)

The Hammer Defendants also maintain that the assignment was invalid because there was no meeting of the minds between the parties (Breaux and Openiano). The first page of the assignment references "valuable consideration," but the rest of the assignment shows that neither Breaux or Openiano agreed to the same "valuable consideration." The second page of the assignment, entitled "Agreement of Valuable Consideration," is signed by Openiano and dated August 1, 2009. However, Breaux did not sign it and the words "Void-see other agreement" are written above his signature. And all the text on the page is crossed out. As such, the Hammer Defendants contend that Openiano and Breaux did not agree to the "valuable consideration" set forth in the second page of the assignment.

"[T]he failure to reach a meeting of the minds on all material points prevents the formation of a contract . . . ."  (*Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 359 (*Banner*).)  Here, the first page of the assignment states that the contract is being made "[f]or valuable consideration."  However, the next two pages attempt to define the valuable consideration, but contain different definitions.  The second page is signed by Openiano only and just Breaux signed the third page.  On the face of the assignment, it does not appear that the parties reached a "meeting of the minds" regarding the consideration.  Accordingly, the Hammer Defendants again carried their burden to show the assignment was not enforceable.  (See *Winter v. Window Fashions Professionals, Inc.* (2008) 166 Cal.App.4th 943, 950; *Banner*, *supra*, 62 Cal.App.4th at p. 359.)

The Hammer Defendants' final challenge to the assignment is that Tibro Realty was a suspended corporation and thus lacked the capacity to sue in California courts.  (Rev. & Tax, § 23301; *Reed v. Norman* (1957) 48 Cal.2d 338, 342-343.)  While suspended, a corporation may not prosecute or defend an action, appeal from an adverse judgment, or seek a writ of mandate.  (*Grell v. Laci Le Breau Corp.* (1999) 73 Cal.App.4th 1300, 1306.)  Moreover, an assignment made while the assignor's corporate status is suspended is void as a matter of law.  (*Bengel v. Kenney* (1932) 126 Cal.App. 735, 736.)

Here, the Hammer Defendants produced evidence that Tibro Realty was the fictitious business name of Tibro Inc.  The Hammer Defendants also provided evidence that Tibro Inc.'s license from the Department of Real Estate had expired on May 31,

17

2009. Finally, the Hammer Defendants proffered evidence that the California Secretary of State suspended Tibro Inc.'s powers, rights, and privileges on July 30, 2009 and the California Franchise Tax Board suspended Tibro Inc.'s powers, rights, and privileges on January 4, 2010. Thus, based on the evidence submitted by the Hammer Defendants, it appears that Tibro Realty could not assign its rights to Openiano during the subject time. (See *Bengel v. Kenney*, *supra*, 126 Cal.App. at p. 736.)

In summary, the Hammer Defendants satisfied their initial burden of showing that Openiano could not prevail on either of his two remaining claims. The Hammer Defendants produced sufficient evidence to demonstrate Openiano lacked standing to sue on behalf of Tibro Realty because: (1) Tibro Realty was not a party to the assignment; (2) there was no "meeting of the minds" between the parties as to the consideration to be provided under the assignment; and (3) Tibro Realty could not assign its rights to Openiano during the subject time because it was a suspended corporation. We note that evidence to establish any one of these three contentions would be sufficient to fulfill the Hammer Defendants' initial burden.

### 3. Openiano's Opposition

Having determined that the Hammer Defendants satisfied their initial burden, we turn to Openiano's opposition to the motion for summary judgment to ascertain if Openiano has made a prima facie showing of the existence of a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849.) We conclude that Openiano has not done so.

18

Although Openiano filed a 67-page opening brief, he only spent two pages addressing his standing to bring suit on behalf of Tibro Realty.[3] He, however, does not include any citations to the record or reference any evidence to support his position. Our search of the record did not disclose any evidence that Openiano offers to create a triable issue of fact as to his standing to bring suit. Instead, he merely asserts that Tibro Realty assigned him its rights and claims. This is not sufficient to defeat a motion for summary judgment. (See *LaChapelle v. Toyota Motor Credit Corp.*, *supra*, 102 Cal.App.4th at p. 981.)

Openiano also contends that he has standing based on the alleged assignment of claims from Zaragoza and Limtengco. Even if this contention was supported by some evidence in the record,[4] it has no bearing on whether Openiano can create a triable issue of material fact as to his standing as the assignee of Tibro Realty. Further, Openiano's argument ignores the allegations in the second amended complaint. He alleges no cause of action against any of the Hammer Defendants as the assignee of either Zaragoza or Limtengco. To the contrary, he goes to great lengths in the complaint to be explicit that no such claims are being made against the "seller" on behalf of Zaragoza or Limtengco. And the two claims that were subject to the motion for summary judgment (breach of

---

[3]  In his briefs, Openiano addresses his substantive claims at length. Because the Hammer Defendants' motion for summary judgment challenges Openiano's standing to bring suit, we do not address the substance of the two causes of action at issue here. (See *Lickter, supra,* 189 Cal.App.4th at pp. 736-737.)

[4]  We have found none.

19

contract and conversion) clearly involve claims belonging to Tibro Realty, not Zaragoza or Limtengco. Simply put, Openiano offers no evidence to create a triable issue of material fact regarding his standing to bring suit on behalf of Tibro Realty.[5]

### 4. *Openiano's Additional Contentions*

Openiano also claims the motion for summary judgment was defectively served on him. However, he failed to make this argument to the superior court and therefore, we consider the claim forfeited. (See *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685 ["[c]ontentions or theories raised for the first time on appeal are not entitled to consideration."]; *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 ["It must appear from the record that the issue argued on appeal was raised in the trial court. If not, the issue is waived."].) In any event, the allegedly defective service did not appear to prejudice Openiano. He filed opposing papers and appeared at oral argument. There is no indication in the record that Openiano

---

[5] Apparently aware of his lack of evidence, Openiano has requested we take judicial notice of several documents, many of which are pleadings or documents from another suit. While some of these documents are part of a court record, judicial notice of such documents is limited to matters that are indisputably true. Therefore, judicial notice is typically limited to the orders and judgments in the court file, as distinguished from the contents of the court documents or exhibits offered in support of a motion unrelated to the issues here. (*Arce v. Kaiser Found. Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482-484; *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113.) In addition, Openiano does not explain how any of the documents relate to the issues before us here. Further, our review of the documents did not uncover any link between the documents and Openiano's claim he has standing to sue the Hammer Defendants on behalf of Tibro Realty. Finally, it does not appear that any of the documents were before the superior court when it considered the Hammer Defendants' motion for summary judgment. Accordingly, we deny Openiano's request for judicial notice.

was unable to make certain arguments or present specific evidence because of a service issue.

Finally, Openiano argues that the superior court's order granting the motion for summary judgment is void because it conflicted with an earlier order of the court wherein the court ruled that Openiano could not represent Tibro Realty. Specifically, Openiano maintains the superior court ruled that Openiano is the real party in interest and has legal standing. Openiano misreads the superior court's previous order.

In the court's tentative ruling regarding the consolidation of the three actions, which became the order of the court, the court found that Openiano could not represent Tibro Realty: "Openiano, appearing in pro per, maintains he is the assignee of plaintiff Tibro Realty. As the assignee, Openiano is the real party in interest and the assignor, Tibro Realty, is not. Thus, Tibro Realty lacks standing to sue. [Citations.] Therefore, the court dismisses plaintiff Tibro Realty."

This order did not find that Openiano was Tibro Realty's assignee and had legal standing to bring suit. Instead, the court found that Tibro Realty lacked standing if it had assigned its claims to Openiano as Openiano "maintains." Whether Tibro Realty validly assigned its claims to Openiano was not before the court at that time as the court was relying on the allegations in the complaint, not evidence. Accordingly, the superior court's order granting the Hammer Defendants' motion for summary judgment based on Openiano's lack of standing did not conflict with a previous court order.

## III

### *MOTION FOR LEAVE TO FILE A THIRD AMENDED CONSOLIDATED COMPLAINT*

" 'Leave to amend a complaint is . . . entrusted to the sound discretion of the trial court. ". . . The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court. Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported by the record." ' [Citations.]" (*Branick v. Downey Savings and Loan Assn.* (2006) 39 Cal.4th 235, 242 (*Branick*), italics omitted.)

Here, Openiano sought to amend the operative complaint to allege a host of new claims against the Hammer Defendants and others based primarily on his assigned rights and claims from Zaragoza and Limtengco. He contends the superior court abused its discretion by denying his motion for leave to amend because (1) he should be permitted to name the correct Hammer Defendant entity as the seller; (2) he did not unreasonably delay in seeking leave to amend; (3) a third amended consolidated complaint would not prejudice the Hammer Defendants; and (4) his proposed amended claims are not time barred. We reject all of these contentions.

Openiano claims he should be permitted to amend his complaint to name the correct seller, Hammer IRP Bonita, LLC, as a defendant. However, this Hammer Defendant was a named defendant in the second consolidated complaint. And although Openiano did not define Hammer IRP Bonita, LLC as the seller or otherwise describe it

22

as the seller in the complaint, the two purchase agreements attached to the operative complaint as exhibits A and B and incorporated by reference into the complaint listed Hammer IRP Bonita, LLC as the seller. The superior court noted this in its order sustaining the Hammer Defendants' demurrer. Further, the Hammer Defendants' motion for summary judgment challenged the second amended consolidated complaint while considering Hammer IRP Bonita, LLC the seller. Finally, Openiano's contention that he needs to amend the complaint to name the correct seller does not cure the flaw exposed by the Hammer Defendants' motion for summary judgment: his lack of standing to bring suit on behalf of Tibro Realty.

We also agree with the superior court that Openiano did not offer a justifiable excuse for the delay in seeking to amend his complaint. The superior court noted:

> "Between the lawsuit [Openiano] previously filed against [the Hammer Defendants] in 2008 [citation] and this lawsuit, [Openiano] has had ample opportunity to discover and allege the claims he now seeks to add. In [the previously filed case], Openiano filed multiple amended complaints in response to demurrers, and ultimately dismissed his third amended complaint in May 2010. [Citations.] He then filed this action in June, which was consolidated with two other actions he filed. After [the Hammer Defendants] succeeded in part on their demurrer to the [second amended consolidated complaint], on January 26, 2012, they filed their motion for summary judgment on the remaining claims. [Openiano] filed this motion to amend March 21. [¶] . . . [I]t appears from Openiano's own admissions that he did not allege the proposed Zaragoza and Limtengco claims because he was concerned that [the Hammer Defendants] would successfully move to compel arbitration. He has offered no justifiable excuse for the delay. . . ."

In response to the superior court's reasoning, Openiano argues he sought leave to amend the second amended consolidated complaint in a timely fashion, but was unable to

23

get an earlier hearing dating because of other pending motions in the case. Openiano's argument fails to address the considerable delay of adding these claims while he has been litigating against the Hammer Defendants, in one suit or another, since 2008 regarding the same two transactions. As the superior court points out, Openiano seemed to be aware of the claims when he filed the second amended consolidated complaint, but made the strategic decision not to bring them for fear that the Hammer Defendants would successfully force him into arbitration. Openiano's tactics did not play out to his advantage, and he fails to offer any other explanation for failing to bring the claims on behalf of Zaragoza and Limtengco at an earlier time. The superior court was correct not to reward Openiano for his unsuccessful approach.

For similar reasons, we disagree with Openiano that a third amended consolidated complaint would not prejudice the Hammer Defendants. Instead, we view Openiano's attempt to yet again amend a complaint in a suit against the Hammer Defendants consistent with an overall strategy of "moving the target" to prevent the Hammer Defendants from conclusively defeating Openiano's claims. The Hammer Defendants have been litigating against Openiano for several years. Openiano dismissed a previous complaint on the eve of trial (after several rounds of demurrer and amendments) only to file multiple subsequent complaints and amend them several times as well. The Hammer Defendants have appropriately responded to those complaints and litigated the matters extensively. However, they can only respond to the claims as presented. We agree with the superior court that Openiano should not be permitted to bring new claims against the Hammer Defendants after they successfully defeat the existing claims, especially when

24

Openiano has been aware of the new claims throughout his years of litigation. Allowing Openiano to amend his complaint yet again would only reward such gamesmanship.

Finally, Openiano does not show how the new claims would not be time barred. Openiano contends his new claims in the proposed third amended complaint "relate back" to his previous claims alleged in this action. However, he fails to cite to the record where Openiano brought any claims against the Hammer Defendants in a previous complaint. We thus treat this argument as forfeited. (See *Nelson v. Avondale Homeowners Assn.*, *supra*, 172 Cal.App.4th at p. 862.) In addition, our independent review of the record did not uncover any claim that Openiano previously brought against the Hammer Defendants on behalf of Zaragoza or Limtengco. Put differently, we are not persuaded that any of the new claims would relate back to the previous claims. As such, Openiano has presented no cogent argument supporting his position that the court erred in deeming his new claims time barred. (See *Branick*, *supra*, 39 Cal.4th at p. 243; *Diliberti v. Stage Call Corp.* (1992) 4 Cal.App.4th 1468, 1471-1472; *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533-534.)

In summary, on the record before us, we are satisfied the superior court did not abuse its discretion in denying Openiano's motion for leave to file a third amended consolidated complaint.

25

DISPOSITION

The judgment is affirmed.  The Hammer Defendants are awarded their costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

AARON, J.