[S. F. No. 20691. In Bank. May 22, 1961.]

EICHLER HOMES OF SAN MATEO, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; L. C. SMITH COMPANY (a Corporation) et al., Real Parties in Interest.

David Freidenrich and Leonard Ware for Petitioner.

No appearance for Respondent.

Mullin & Cost, Hugh Mullin, Wagstaffe, Daba & Hulse and Paul De Mare for Real Parties in Interest.

SCHAUER, J.—Petitioner seeks mandate to compel the superior court to grant petitioner's motion to amend a "Third Amended Complaint" in accord with a proposed "Second Amendment to Plaintiff's Third Amended Complaint." Respondent court, instead of permitting the amendment in the manner requested by petitioner, granted petitioner leave "to file new and separate cause of action, incorporating the matters involved in the requested amendment." We have concluded that petitioner has not shown how it could be prejudiced by amending in the manner permitted by the order of respondent court rather than in the manner sought by petitioner. In the circumstances we will not interrupt the normal course of proceedings in the trial court merely to compel that tribunal to change the language of a ruling which is in operative effect correct.

Petitioner brought an action against L. C. Smith Company for breach of a contract to excavate and grade land. Paragraph III of the first count of the "Third Amended Complaint" alleged "That within four years last past and on or about June 16, 1955, defendant L. C. SMITH COMPANY entered into a written contract with [petitioner's predecessors in interest] ; that under and pursuant to said contract said defendant was required to clear, grub, excavate and grade a certain tract of land known as Tract 720 and 722 Highlands No. 2 and No. 3 . . . ."

After petitioner filed its complaint containing the just quoted averment, it learned that its description of the land was inaccurate. It sought leave to amend by substituting for the just quoted second clause of paragraph III the following: "that under and pursuant to said contract, said defendant was required to clear, grub, excavate and grade a certain tract of land . . . as described in the aforesaid written contract. . . ." The words of the contract are not pleaded, and if the pro-

posed amendment were made the complaint would contain *no* description of the land rather than an *inaccurate* description.

Respondent court made the following order: "Motion [for leave to amend] granted to this extent—that plaintiff is permitted to file new and separate cause of action, incorporating the matters involved in the requested amendment."[1]

The petition for mandate alleges that "Petitioner could not comply with said ruling for the reason that said proposed amendment was not the subject of a new cause of action, and for the further reason that a new cause of action on the written contract described in Paragraph III . . . would be subject to the defense of the Statute of Limitations and, therefore, would be of no avail to Petitioner even if Petitioner attempted to comply with said ruling . . . ."

As this court said in *Wennerholm* v. *Stanford University School of Medicine* (1942), 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358], "The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint [or amendment of the complaint] will be deemed filed as of the date of the original complaint so long as recovery is sought in each complaint upon the same general set of facts." Manifestly, both the amendment which petitioner seeks and the amendment which respondent court permitted, but which petitioner has declined to make, present "the same general set of facts" which appear in the complaint as it now stands.

It is true that the permitted amendment would not literally set forth a "new and separate cause of action." "The cause of action is simply the obligation sought to be enforced." (*Panos* v. *Great Western Packing Co.* (1943), 21 Cal.2d 636, 638 [3] [134 P.2d 242].) The same cause of action, of course, may be stated variously in separate counts. (E.g., see *Weitzenkorn* v. *Lesser* (1953), 40 Cal.2d 778, 792-793 [2b] [256 P.2d 947]; *Dabney* v. *Philleo* (1951), 38 Cal.2d 60, 67-68 [6-8] [237 P.2d 648]; *Tanforan* v. *Tanforan* (1916), 173 Cal. 270, 273 [159 P. 709].) In California the phrase "causes of action" is often used indiscriminately to mean what it says and to mean *counts* which state differently the same cause of action, and it seems almost inconceivable that

[1]As hereinafter discussed, a "new and separate cause of action," as the phrase is commonly used, designates a separate count in a pleading which may constitute either an actually different cause of action or a mere different statement of a cause of action already pleaded.

anyone could be misled by the trial court's use of the phrase "new and separate cause of action" here.

The complaint as it now stands includes the first "cause of action" which contains the mooted paragraph III and, further, "A SECOND [and third and fourth and fifth and sixth and seventh] SEPARATE AND DISTINCT CAUSE OF ACTION." The latter "causes of action" appear to allege claims which actually differ from the first "cause of action," but some of such latter "causes of action" are only different statements of the same claim. Since petitioner itself, in drafting its pleadings, sometimes referred to various statements of the same cause of action as "separate causes of action," it is difficult to understand why it now advances an argument based on a silently professed misunderstanding of the trial court's use of the same phrase in the same manner.

If petitioner files a so-called "new and separate cause of action" as allowed by the trial court, it can go to trial with a complaint which will contain one count ("first cause of action") for breach of contract which will not, and one count ("eighth cause of action") which will, conform to petitioner's anticipated proof. Before commencement of trial it can (as of course, if affirmative relief is not sought by defendants) dismiss any "cause of action." (Code Civ. Proc., § 581, subds. 1, 5.) No harm can come to petitioner from such a state of the pleadings. Whether the new allegations are incorporated in a newly filed separate count or as a newly added part of a previously filed count, can have no effect on the question as to whether the claim is barred by a statute of limitations.

For the reasons above stated, the alternative writ heretofore issued is discharged and the peremptory writ is denied.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.