[Civ. No. 46156. Second Dist., Div. Five. Sept. 19, 1975.]

ROBERT D. BARTALO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
IRENE ROSMAN et al., Real Parties in Interest.

**COUNSEL**

Gilbert, Kelly, Crowley & Jennett and John Keiser for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

## Opinion

**HASTINGS, J.—** This petition for writ of mandate states that petitioner Robert D. Bartalo (Bartalo) is a defendant in a personal injury case arising out of an automobile accident which occurred on June 15, 1973. Irene Rosman (wife), who was injured in the accident, filed her lawsuit against Bartalo on June 29, 1973. She was the only named plaintiff. On August 21, 1974, *Rodriguez* v. *Bethlehem Steel Corp.,* 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669], was decided. It established for the first time in California that the spouse of an injured person in a tort action has a right of recovery for loss of consortium. In December of 1974, wife and her husband Eugene Rosman (husband) noticed a motion for an order permitting them to file an amended complaint naming husband as an additional plaintiff and adding a second cause of action for loss of consortium. Their motion was granted. Bartalo demurred to the second cause of action of the amended complaint on the ground that it was barred by the statute of limitations (one year from date of the accident). The demurrer was overruled and the instant petition followed. We issued an alternative writ of mandate.

### Argument

Bartalo contends that *Rodriguez* addressed itself to the issue of retroactivity and the statute of limitations where the court states on page 408 the following: "The solution of the majority of the other courts, which we adopt, is simply to declare that for reasons of fairness and sound administration a spouse will not be permitted to initiate an action for loss of consortium—even though not barred by the statute of limitations—when the action of the other spouse for the negligent or intentional injury giving rise to such loss was concluded by settlement or judgment prior to the effective date of this decision. [Citations.][30]"

Footnote 30 states: "It is probable that few if any such claims exist in any event, as serious injury cases are rarely settled or brought to judgment within one year after the occurrence of the injury, the governing period of limitations (Code Civ. Proc., § 340, subd. 3). With the exception of such cases, all claims for loss of consortium not barred by the statute of limitations may now be asserted: for the reasons persuasively stated in *Fitzgerald* v. *Meissner & Hicks, Inc.* (1968) *supra,* 157 N.W.2d 595, 598-599, our decision herein is to be given normal retroactive effect within the limits of the statute of limitations."

Husband first became a plaintiff in the amended complaint which was filed more than one year after the accident. Bartalo argues that the statute of limitations had run and that *Rodriguez,* per its statement, *supra,* had foreclosed husband's cause of action. Husband argues as follows: (1) That civil actions can only be commenced within the statutory period after the cause of action shall have accrued (Code Civ. Proc., § 312) and, until the Supreme Court decided the *Rodriguez* case, he had no cause of action for loss of consortium, therefore the statute of limitation on his cause of action began to run on the filing of *Rodriguez;* and (2) his wife's complaint can be amended to add him as a party plaintiff; and that an amended complaint relates back to the original complaint when it seeks recovery on the same general facts, and the statute of limitations on *his* cause of action was thereby tolled by the filing of his wife's original complaint. (*Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 600-601 [15 Cal.Rptr. 817, 364 P.2d 681]; *Eichler Homes of San Mateo, Inc.* v. *Superior Court,* 55 Cal.2d 845, 847 [13 Cal.Rptr. 194, 361 P.2d 914]; *Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713, 717-718 [128 P.2d 522, 141 A.L.R. 1358].)

For several reasons we conclude that husband's argument is without merit. The first reason is the court's intent in *Rodriguez* to limit filings for loss of consortium only to those persons whose cause of action arose within one year prior to the filing of its opinion. For example, it does not permit an action to be initiated *even though not barred by the statute of limitation* when the action of the other spouse was determined by judgment or settlement prior to the effective date of *Rodriguez.* It states that probably few, if any, such claims exist because serious injury cases are rarely settled or brought to judgment *within one year* after the occurrence of the injury; therefore, with the exception of such cases, all claims not barred by the statute of limitations may now be asserted. This language is very persuasive that the Supreme Court was permitting retroactivity only *to those causes of action that arose one year or less* prior to the filing date of *Rodriguez.* Further, there is still another portion of the court's statement that compels this interpretation.[1] The court says: "for the reasons persuasively stated in *Fitzgerald* v. *Meissner & Hicks, Inc.,* . . . our decision herein is to be given normal retroactive effect

---

[1]Under husband's theory that he can join in wife's complaint, it is possible that in some cases the other spouse could join in the action even though the accident had occurred almost six years earlier. This could happen where an action was filed just before the one-year statute of limitation expired and the case was not calendared for trial until the latter part of the five-year period allowed for the trial to commence. The amendment could be made any time up to date of trial.

within the limits of the statute of limitation." The *Fitzgerald* court did, in passing, consider the problem before us. There a wife sought to bring an action for loss of consortium after the Wisconsin court in *Moran* v. *Quality Aluminum Casting Co.,* 34 Wis.2d 542 [150 N.W.2d 137], had given its blessing to her cause of action. The record before the *Fitzgerald* court did not disclose whether her husband, who was the injured party, had filed a lawsuit. The wife had filed before the statute of limitation had outlawed her cause of action. The court addressed itself on the question of joinder of the two causes of action. It said at page 599: "If he [husband] has not commenced an action and is desirous of doing so, the complaint may be amended and he may join as a party plaintiff to state his cause of action. *(In this instance it appears that the statute of limitation would be a defense to his claim at this date.)*" (Italics added.) Wisconsin follows the California rule that an amended complaint will take effect on the date of the filing of the original complaint to bar an intervening statute of limitation where the identity of the cause of action remains essentially the same. Apparently, from the comment above, the Wisconsin Supreme Court would not permit a spouse to add his or her complaint for loss of consortium to the other spouse's tort action if the statute of limitation has run.

The *Rodriguez* court also was cognizant of the amendment problem. In footnote 29, page 407, the court said: "In the case at bar, for example, Richard Rodriguez originally filed a complaint for his damages alone. Subsequently, *but within the statute of limitation,* he and Mary Anne filed an amended complaint joining their causes of action. . . ."

The second reason for denying husband's joinder in wife's complaint is that California decisional law would deny husband the right to bring his cause of action after the statute of limitation has expired. In *Monroe* v. *Trustees of the California State Colleges,* 6 Cal.3d 399 [99 Cal.Rptr. 129, 491 P.2d 1105], a college professor was discharged for failure to sign a required oath. The statute calling for the oath was held constitutional by the Supreme Court in 1952. (*Pockman* v. *Leonard,* 39 Cal.2d 676 [249 P.2d 267]). In 1967 the Supreme Court overruled *Pockman.* (*Vogel* v. *County of Los Angeles,* 68 Cal.2d 18 [64 Cal.Rptr. 409, 434 P.2d 961].) The professor then applied for and was refused reinstatement. He brought an action seeking both money damages for all of the past years and reinstatement. The court stated at pages 406-407: "The normal 'retroactivity' of most civil decisions has never been thought to supersede the operation of the statute of limitations so as to revive old claims which were not pursued because of a previously prevailing contrary rule of law,

[fn. omitted] or to reincarnate dead causes which had fallen to the sword of the statute. Instead, the retroactive application of a judicial decision has traditionally meant only that the rule of law established by the new decision governs events occurring prior to the date of decision, *when such events are at issue in timely filed actions.* For example, although this court's decision in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], abrogating a general governmental immunity to tort claims, was given normal retroactive effect, we recognized that litigants who suffered injury at the hands of the government prior to *Muskopf* would be barred from recovery unless their suits had been 'filed within the ordinary limitations period provided for tort actions.' " [Italics in original.]

A footnote in *Monroe* stated: "In addition to relying on the retroactivity of *Vogel,* petitioner alternatively contends that the statute of limitations did not begin to run on his claim for wrongful discharge until 1968 because until that date it was allegedly 'impossible' for petitioner to attack the State Personnel Board's decision. No legal obstacle barred a judicial challenge to petitioner's initial discharge, however, and the mere existence of a contrary precedent has never been considered sufficient to toll the running of the statute of limitations." (*Id.* at p. 408, fn. 5.)

In *Lopa* v. *Superior Court,* 46 Cal.App.3d 382 [120 Cal.Rptr. 445], the court was dealing with the rights of an automobile passenger (through a guardian ad litem, Lopa, Sr.) to amend *his* complaint and serve the defendant driver (Lopa, Jr.) as a Doe more than three years after the summons had been issued. His original cause of action was against the driver of the other car and eight Does. A guest passenger's cause of action against his driver was first recognized in *Brown* v. *Merlo,* 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212], which was decided after the filing of the complaint. The court ruled that the action must be dismissed for failure to serve the summons within the three-year period. (Code Civ. Proc., § 581a). The court in *Lopa* stated on pages 389-390: "The plaintiffs here were unaware that they had a cause of action against Lopa, Jr. until the decision of the Supreme Court in *Brown* v. *Merlo.* Was it impracticable, impossible or futile for them to attempt to serve Lopa, Jr., as a Doe defendant? It obviously was not impossible in the strictest sense. They could have asserted a claim against him. Had they done so, however, they would immediately have been met by appellate court decisions, [citations] which held that statute to be constitutional.

"The precise question is whether ignorance of a cause of action constitutes such impracticability and futility as to prevent the running of the statute . . . . [¶] The circumstances of this case indicate that it was not impracticable and futile to assert the claim now sought to be allowed. The senior Lopas were in no way prevented from trying to assert a cause of action against Lopa, Jr., notwithstanding the guest statute. Surely they faced the real possibility of rebuff, in light of the existing state law. But, that was the precise hurdle faced by plaintiff in *Brown* v. *Merlo, supra,* 8 Cal.3d 855. His determination and persistence in preserving his claim that the guest statute was unconstitutional ultimately produced the result he sought."[2]

Husband, in the case at bench, remained passive while the plaintiff in *Rodriguez* persisted until he obtained his cause of action for loss of consortium. We see no distinction between the cases. Husband could have joined with wife in the first complaint and alleged the same cause of action that he now alleges in the amended complaint. If the reasoning in *Monroe* and *Lopa* is sound, and we think it is, it is directly in point here and should preclude husband from bringing his cause of action after the running of the statute of limitations.

The third reason for rejecting husband's argument is that we do not believe he can join in wife's cause of action in order to bar the intervening statute of limitations. *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596, best summarizes the rule. Starting on page 600, the court states: "The modern rule with respect to actions involving parties designated by their true names in the original complaint is that, where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts. [Citations.] This rule is the result of a development which, in furtherance of the policy that cases should be decided on their merits, gradually broadened the right of a party to amend a pleading without incurring the bar of the statute of limitations.

---

[2]In *Estate of Horman,* 5 Cal.3d 62 [95 Cal.Rptr. 433, 485 P.2d 785], the court was facing a similar issue. On page 71, it said: "Under claimants' tolling theory, whenever a precedent was overturned recognizing a right of action theretofore denied by case law, all persons who had been aggrieved between the decision of the precedent case and the decision of the overruling case could then file suit, no matter how many years had elapsed between. Such a proposition cannot be sustained. A contention identical in principle was rejected in *Bates* v. *Gregory,* 89 Cal. 387, 392-397 [26 P. 891]."

"Some early cases held that an amendment stating any new cause of action could not relate back and that a plaintiff could not amend so as to change the legal theory of his action [Citations]. Subsequent cases held that a mere change in legal theory would not prevent an amendment from relating back but that an amendment would not relate back if it set forth 'a wholly different cause of action,' i.e., *a wholly different legal liability or obligation.'* [Citations.] . . .

"The rule which makes relation back of an amendment dependent upon whether recovery is sought on the same general set of facts as those alleged in the original complaint is in accordance with the basic principle of code pleading that a litigant need only allege the facts warranting recovery. [Citations.] The results required by this rule may be reached under the 'wholly different cause of action' test by interpreting the term 'cause of action' as referring to the facts upon which the rights of action are based rather than the rights or obligations arising therefrom [citation], but the term has been used so often to mean legal liability or obligation that its use in connection with the problem of relation back of amendments results in confusion and undue restrictions of the right to amend. It should be noted that subdivision (c) of rule 15 of the Federal Rules of Civil Procedure, which adopt the modern rule, does not use the term 'cause of action' and thus avoids the danger of narrow construction [citation]." (Italics added.)

Husband's claim to a loss of consortium is a wholly different legal liability or obligation. The elements of loss of society, affection and sexual companionship are personal to him and quite apart from a similar claim of the wife. True, in a sense it is derivative because it does not arise unless his wife has sustained a personal injury, however, his claim is not for her personal injuries but for the separate and independent loss he sustained. (See *Fitzgerald* v. *Meissner & Hicks, Inc., supra.*)

■ The general rule governing the permissibility of the bringing in of additional plaintiffs after the period of the statute of limitations has elapsed, or of the assertion of the defense of limitations against them, is that where the additional party plaintiff, joining in a suit brought before the statute of limitations has run against the original plaintiff, seeks *to enforce an independent right,* the amended pleading does not relate back, so as to render substitution permissible or to preclude the defense of the statute of limitations. (51 Am.Jur.2d, Limitation of Action, § 236, p. 788.)

If a husband and wife were both injured in the same accident and the wife sued but the husband did not, the one-year statute of limitations would run on husband's cause of action, and if he tried to sue after the year had run defendant's demurrer that the claim was barred would be sustained. Surely if wife then tried to amend her complaint to include his cause of action, it would be disallowed. Except for the fact that *Rodriguez* subsequently gave husband a cause of action, the above hypothetical example is exactly what husband is seeking to do here. The *Rodriguez* issue, however, is answered by *Monroe* and *Lopa,* and denies him his cause of action. Husband should have been a litigant in the original complaint.

We are not unaware of cases that have allowed the addition of a new party by an amendment to the complaint.[3] However, these cases on analysis are clearly distinguishable. Generally, a different plaintiff was substituted in because there was a technical defect in the plaintiff's status (an administrator for a deceased plaintiff; a stockholder in place of a corporation; etc.); a necessary party was joined; or a nominal plaintiff was removed and the real party in interest took his place. A new and additional party—such as husband here—seeking damages not previously pleaded on a different obligation after the statute of limitation has passed is not a factual situation that fits into this category. Once the statute of limitation has passed as to other possible plaintiffs, a defendant is entitled to dismiss them from his considerations. This could be important in settlement negotiations, the importance of which was recognized in *Rodriguez,* where the Supreme Court proclaimed "a spouse will not be permitted to initiate an action for loss of consortium—*even though not barred by the statute of limitations*—when the action of the other spouse . . . was concluded by settlement. . . ." Although *Rodriguez* solves the settlement problem by this statement in loss of consortium actions, it does not solve the problem in other cases not dealing with this exact issue. If we adopted husband's theory, amendments could be made to add additional parties after the statute of limitation had passed and defendant had settled with the original plaintiff or plaintiffs.

■ For the reasons stated above, we conclude that the demurrer was improperly overruled.

[3]See *Cal. Gas Retailers* v. *Regal Petroleum Corp.,* 50 Cal.2d 844 [330 P.2d 778]; *Klopstock* v. *Superior Court,* 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318]; *Jensen* v. *Royal Pools,* 48 Cal.App.3d 717 [121 Cal.Rptr. 805]; and *Cox* v. *San Joaquin Light etc. Co.,* 33 Cal.App. 522 [166 P. 578].

The order overruling the demurrer of Bartalo is reversed and the trial court is directed to sustain such demurrer without leave to amend. The alternative writ of mandate heretofore issued is discharged.

Ashby, Acting P. J., and Loring, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.