**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASSOCIATION FOR LOS ANGELES DEPUTY SHERIFFS, in Its Representational Capacity, on Behalf of its Members; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF LOS ANGELES, a Municipal Corporation; et al., <br><br> Defendants - Appellees. | No. 13-55751 <br><br> D.C. No. 2:08-cv-00238-RGK-FFM <br><br><br> MEMORANDUM[*] |

| | |
|---|---|
| ASSOCIATION FOR LOS ANGELES DEPUTY SHERIFFS, in Its Representational Capacity, on Behalf of its Members; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> COUNTY OF LOS ANGELES, a Municipal Corporation; et al., <br><br> Defendants - Appellants. | No. 13-55864 <br><br> D.C. No.2:08-cv-00238-RGK-FFM |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 8, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

The Association for Los Angeles Deputy Sheriffs and the County of Los Angeles bring cross-appeals of the district court's grants of summary judgment in a case concerning the requirements of due process when law enforcement officers are charged with felonies and suspended without pay. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This is the second appeal of this case. A detailed factual recitation is found in *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles (ALADS)*, 648 F.3d 986, 989-91 (9th Cir. 2011).

On remand, the district court granted summary judgment against plaintiffs Debs and O'Donoghue. "We review de novo the district court's grant of summary judgment." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). Debs and O'Donoghue argue that the ten-day evidentiary hearings they received following their suspensions were inadequate because the County applied a blanket policy of upholding all suspensions based on felony charges. Even if the County

2

followed such a policy, no due process violation resulted because Debs and O'Donoghue were free to challenge the Commission's orders in state court. *See* Cal. Civ. Proc. Code §§ 1094.5(a), 1094.6(e); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a deprivation of property does not violate due process if "adequate state post-deprivation remedies are available").

The district court determined that because it granted summary judgment against Debs and O'Donoghue, they were not prevailing parties and not entitled to attorney's fees. "We review a district court's decision to deny attorney's fees for an abuse of discretion" and "review a district court's determination regarding 'prevailing party' status de novo." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant . . . or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citations omitted). Debs and O'Donoghue did not obtain an enforceable judgment or any comparable relief against the County that would render them prevailing parties.

3

Therefore, we affirm the district court's denial of attorney's fees to Debs and O'Donoghue.

The district court granted summary judgment in favor of plaintiffs Wilkinson and Sherr, who did not receive any type of post-suspension hearings. We previously concluded that Wilkinson and Sherr did not receive "sufficient post-suspension process to satisfy constitutional requirements" and that the County had a "constitutional obligation to provide some form of post-suspension hearings." *ALADS*, 648 F.3d at 993. We therefore affirm the district court's grant of summary judgment.

The district court granted attorney's fees to Wilkinson and Sherr but awarded them only nominal damages, finding that the deputies "failed to offer adequate proof of actual injury." The district court did not err in its determinations that the loss of back pay was not causally related to the due process claim on which Wilkinson and Sherr prevailed, that they offered no evidence of medical expenses incurred, and that they offered insufficient evidence of physical and emotional injury as a result of the denial of due process. We therefore affirm the district court's award of nominal damages.

The district court denied the plaintiffs' motion to amend their complaint to add three other deputies who received suspensions resulting from unrelated

4

incidents, finding that the claims of the three proposed plaintiffs were barred by the statute of limitations. " We review the denial of a motion to amend for abuse of discretion." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072 (9th Cir. 2012). Neither the relation back doctrine nor the equitable tolling doctrine serve to make timely the claims of the proposed plaintiffs. *See Bartalo v. Super. Ct.*, 124 Cal. Rptr. 370, 374–75 (Cal. Ct. App. 1975) (holding that the claims of a "new and additional party" do not relate back to a timely filed complaint unless the new party was substituted for an original party erroneously joined); *Collier v. City of Pasadena*, 191 Cal. Rptr. 681, 685 (Cal. Ct. App. 1983) (holding that a party is not entitled to equitable tolling unless that party acted reasonably and in good faith to assert his claims during the limitations period). We affirm the district court's denial of the motion to amend the complaint.

**AFFIRMED.**

*Association for Los Angeles County Deputy Sheriffs v. County of Los Angeles*, No. 13-55751

WARDLAW, Circuit Judge, concurring:

I agree with the disposition, but disagree that Deputies Debs and O'Donoghue were afforded adequate post-deprivation process based on the availability of state court review.

In *Association for Los Angeles County Deputy Sheriffs v. County of Los Angeles (ALADS I)*, 648 F.3d 986 (9th Cir. 2011), we recognized that Debs and O'Donoghue could have pursued petitions for mandamus in Los Angeles Superior Court but chose instead to pursue procedural due process claims in federal court. *Id.* at 991 n.4. Knowing that the state courts were available, *see id.* at 991 n.4, 992 n.5, we nevertheless reversed the dismissal of the deputies' procedural due process claim, *see id.* at 993-97 (analyzing the constitutionality of the procedures and giving no weight to—and, indeed, entirely failing to mention—the availability of state court review). In short, *ALADS I* is inconsistent with the holding here that the availability of state court proceedings could salvage an otherwise inadequate post-suspension process.

I agree, however, that Debs and O'Donoghue were afforded adequate process based on the applicable substantive standard for suspension without pay

that was established by the County. Property interests, and the substantive standards for depriving individuals of those interests, are established by state and local law, not federal courts reviewing procedural due process claims. *See Gilbert v. Homar*, 520 U.S. 924, 933 (1997); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39 (1985). Here, the substantive standard is found in Los Angeles County Civil Service Rules 18.01(A) and 18.031, which provide that the pendency of a felony charge against a deputy may be grounds for suspension. The deputies concede that the County's process was adequate to reliably determine whether felony charges were in fact pending against the deputies. That the deputies may not have received a meaningful opportunity to dispute the underlying merits of the pending felony charges is immaterial because the applicable substantive standard permits suspension regardless of whether the charges are meritorious. Applying the *Mathews v. Eldridge* balancing test, 424 U.S. 319, 335 (1976), and in light of the operative substantive standard, the County's process was adequate. *See Gilbert*, 520 U.S. at 933 (recognizing that little process is needed when there is "nothing to consider at the hearing except the independently verifiable fact of whether an employee had indeed been formally charged with a felony").

This conclusion was not foreclosed by *ALADS I*. There, we stated that "[w]e need not and *do not* decide whether, in all cases, a post-suspension hearing that

looks no deeper than whether felony charges were filed against an employee would or would not pass constitutional muster." 648 F.3d at 994 (emphasis added). We explicitly left it to the district court to conduct a *Mathews v. Eldridge* balancing test "in the first instance." *Id.* at 995. The district court did so, and its conclusion is what we are called upon to review in this appeal.

To be sure, in *ALADS I*, we rejected the dissent's claim "that the felony charges were sufficient cause to justify the suspensions of Debs and O'Donoghue" based on "the Supreme Court's decision in *Gilbert* and Los Angeles County Civil Service Rule 18.031," but our disagreement with the dissent was limited to "this stage of proceedings." *Id.* We are now at a new stage of proceedings, so to the extent that *ALADS* found inadequate a process inquiring no further than whether felony charges were filed, *ALADS* is no longer binding by its own terms. Further, while *ALADS* discussed Civil Service Rule 18.031, it did not mention Rule 18.01(A), which bolsters the conclusion that the pendency of a felony charge was sufficient, as a substantive matter, to justify the deputies' suspensions.