MEMORANDUM *
The Association for Los Angeles Deputy Sheriffs and the County of Los Angeles bring cross-appeals of the district court’s grants of summary judgment in a case concerning the requirements of due process when law enforcement officers are charged with felonies and suspended without pay. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
This is the second appeal of this case. A detailed factual recitation is found in Association for Los Angeles Deputy Sheriffs v. County of Los Angeles (ALADS), 648 F.3d 986, 989-91 (9th Cir.2011).
On remand, the district court granted summary judgment against plaintiffs Debs and O’Donoghue. “We review de novo the district court’s grant of summary judgment.” Oswalt v. Resolute Indus., Inc., 642 F.3d 856, 859 (9th Cir.2011). Debs and O’Donoghue argue that the ten-day evidentiary hearings they received following their suspensions were inadequate because the County applied a blanket policy of upholding all suspensions based on felony charges. Even if the County followed such a policy, no due process violation resulted because Debs and O’Donoghue were free to challenge the Commission’s orders in state court. See Cal.Civ.Proc.Code §§ 1094.5(a), 1094.6(e); Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding that a deprivation of property does not violate due process if “adequate state post-deprivation remedies are available”).
The district court determined that because it granted summary judgment against Debs and O’Donoghue, they were not prevailing parties and not entitled to attorney’s fees. “We review a district court’s decision to deny attorney’s fees for an abuse of discretion” and “review a district court’s determination regarding ‘prevailing party’ status de novo.” La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest, 624 F.3d 1083, 1089 (9th Cir.2010). “[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant ... or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or *714 settlement.” Farrar v. Hobby, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citations omitted). Debs and O’Do-noghue did not obtain an enforceable judgment or any comparable relief against the County that would render them prevailing parties. Therefore, we affirm the district court’s denial of attorney’s fees to Debs and O’Donoghue.
The district court granted summary judgment in favor of plaintiffs Wilkinson and Sherr, who did not receive any type of post-suspension hearings. We previously concluded that Wilkinson and Sherr did not receive “sufficient post-suspension process to satisfy constitutional requirements” and that the County had a “constitutional obligation to provide'some form of post-suspension hearings.” ALADS, 648 F.3d at 993. We therefore affirm the district court’s grant of summary judgment.
The district court granted attorney’s fees to Wilkinson and Sherr but awarded them only nominal damages, finding that the deputies “failed to offer adequate proof of actual injury.” The district court did not err in its determinations that the loss of back pay was not causally related to the due process claim on which Wilkinson and Sherr prevailed, that they offered no evidence of medical expenses incurred, and that they offered insufficient evidence of physical and emotional injury as a result of the denial of due process. We therefore affirm the district court’s award of nominal damages.
The district court denied the plaintiffs’ motion to amend their complaint to add three other deputies who received suspensions resulting from unrelated incidents, finding that the claims of the three proposed plaintiffs were barred by the statute of limitations. “We review the denial of a motion to amend for abuse of discretion.” Hall v. City of Los Angeles, 697 F.3d 1059, 1072 (9th Cir.2012). Neither the relation back doctrine nor the equitable tolling doctrine serve to make timely the claims of the proposed plaintiffs. See Bartolo v. Super. Ct, 51 Cal.App.3d 526, 124 Cal.Rptr. 370, 374-75 (1975) (holding that the claims of a “new and additional party” do not relate back to a timely filed complaint unless the new party was substituted for an original party erroneously joined); Collier v. City of Pasadena, 142 Cal.App.3d 917, 191 Cal.Rptr. 681, 685 (1983) (holding that a party is not entitled to equitable tolling unless that party acted reasonably and in good faith to assert his claims during the limitations period). We affirm the district court’s denial of the motion to amend the complaint.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.