Filed 4/30/25  Poche v. Nobu Hospitality CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ORLEVIA POCHE et al., | B332475 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCV35772) |
| v. | |
| NOBU HOSPITALITY, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael E. Whitaker, Judge.  Affirmed.

Kristensen Law Group and John P. Kristensen for Plaintiffs and Appellants.

Yukevich Cavanaugh, Steven D. Smelser, and Hassan Elrakabawy for Defendant and Respondent.

—————————————

Orlevia and Joseph Poche (collectively, plaintiffs) appeal from the grant of summary judgment for defendant Nobu Hospitality, LLC (Nobu).  As we discuss, plaintiffs have failed to provide this court with an adequate record or to demonstrate error by supporting their contentions with adequate legal or factual analysis.  Additionally, they have not demonstrated any triable issues of material fact as to Nobu's liability for the alleged negligence that caused plaintiffs' injuries.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   The present action.

Plaintiffs filed the present action in October 2019 against Nobu and other defendants.[1]  The operative complaint alleged that in April 2019, plaintiffs traveled to Cabo San Lucas, Mexico, to attend a jazz festival sponsored by Music Getaways, LLC, dba Warren Hill (Warren Hill).  While attending the jazz festival, plaintiffs stayed at the Nobu Hotel Los Cabos (hotel) where the festival was being held.  After taking a water aerobics class, Orlevia fell on a wet marble floor near the pool and hit her head, permanently damaging her right eye.  The area where Orlevia fell had a water feature where hotel guests could wash their feet before entering the pool deck from the beach.  The wet marble floor was slippery, but there were no caution signs warning guests of the danger.

Plaintiffs asserted three causes of action against defendants.  The first cause of action for negligence alleged that

---

[1]     Nobu Hospitality, LLC was not named in the original complaint but was substituted in as a Doe defendant.

Nobu breached its duty to plaintiffs to "design, control, manage, repair and maintain the Subject Premises in a reasonably safe condition and provide proper warning of the hazards, specifically, the marble floor water fountain feature." Nobu, "as the owners, controllers, managers, maintainers and operators of the Subject premises . . . acted with less than reasonable care," causing Orlevia severe, permanent injuries. The second cause of action for premises liability alleged that Nobu "negligently designed, constructed, operated, controlled, maintained, secured and/or managed the pool . . . and the marble floor water fountain feature where the [accident] occurred. Due to the poor design and maintenance of the area where [Orlevia] fell, as well as other contributing unsafe conditions, [Orlevia] fell and suffered serious injuries and damages." The third cause of action for loss of consortium alleged that as a result of Nobu's negligence, Joseph "suffered the loss of the society, companionship and consortium of his wife."

## II.  Nobu's motion for summary judgment.

Nobu moved for summary judgment, contending that the undisputed evidence established that Nobu did not own or control the hotel, and thus it could not be liable for any alleged negligence that caused Orlevia's injuries. In support, Nobu submitted evidence that the hotel was owned by RCD Resort Group, Corporación Immobiliaria KTRC, S.A. de C.V. (CIK). Pursuant to a contract between CIK and Nobu, Nobu carried out certain "Hotel Services," such as hiring and supervising some hotel personnel and setting room prices, but CIK was responsible for all other aspects of hotel management and operation, including maintenance, repairs, and improvements.

3

Plaintiffs opposed the motion, urging that Nobu owed plaintiffs a duty of care, which it breached; the area where Orlevia fell was an obvious safety hazard, of which she was not made aware; Nobu failed to appropriately exercise the control it possessed; and Nobu was liable under a theory of ostensible agency.

The trial court granted the motion for summary judgment, finding no triable issues of material fact that an actual or ostensible agency relationship existed between Nobu and the hotel.  The court entered judgment on August 3, 2023. Plaintiffs timely appealed.[2]

## DISCUSSION

### I.      Plaintiffs forfeited their appellate arguments.

A judgment is presumed correct, and it is appellant's burden to affirmatively show error.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609; *Paleny v. Fireplace Products U.S., Inc.* (2024) 103 Cal.App.5th 199, 206.)  To do so, the appellant " 'has the burden of providing an adequate record.  [Citation.]  Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)" (*Jameson*, at p. 609.)  The record must include, at a minimum,

---

[2]      Plaintiffs purport to appeal from the order granting summary judgment.  An order granting summary judgment is not an appealable order.  (*Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 223.)  However, when the order is followed by a judgment, we have discretion to deem the premature notice of appeal to have been filed after the entry of judgment.  (*Ibid.*)  We exercise our discretion to do so here.

"[t]he notice of appeal," "[a]ny judgment appealed from and any notice of its entry," and "[a]ny item . . . that is necessary for proper consideration of the issues." (Cal. Rules of Court, rules 8.122(b)(1)(A) & (B), 8.124(b)(1)(B).) Further, appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620 [appellant " 'must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim' "; instead, appellant " 'must present an adequate argument including citations to supporting authorities and to relevant portions of the record' "]; Cal. Rules of Court, rule 8.204 [briefs must "support each point by argument and, if possible, by citation of authority" and must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) Consequently, " '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]' (*Benach* [*v. County of Los Angeles* [(2007) 149 Cal.App.4th 836], 852.) Likewise, ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" [Citations.]' (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).)" (*L.O.*, at p. 620.)

In the present case, plaintiffs have failed to provide this court with an adequate record on which to review their claims of error. In particular, the appellants' appendix does not contain Nobu's separate statement, plaintiffs' response to separate statement, the judgment, or plaintiffs' notice of appeal. Plaintiffs

5

thus have not furnished portions of the record essential to our appellate review.

Further, appellants' opening brief does not adequately summarize either the relevant law or the evidence before the trial court. Indeed, appellants' legal argument is only four pages long, contains just one citation to the record, and does not accurately describe the law of agency that governs this appeal. In short, plaintiffs have not met their most basic burden on appeal, and thus their appellate contentions are forfeited. (See, e.g., *Jimenez v. Mrs. Gooch's Natural Food Markets, Inc.* (2023) 95 Cal.App.5th 645, 657 [matters not properly raised or that lack adequate legal discussion will be deemed forfeited].)

## II. Plaintiffs have failed to demonstrate that the trial court erred by granting Nobu's motion for summary judgment.

Even if we were to address the merits, plaintiffs have failed to demonstrate that there are triable issues of material fact as to Nobu's liability. Plaintiffs assert Nobu is vicariously liable under an ostensible agency theory for the hotel's negligence[3]—namely,

---

[3] The first cause of action is for negligence. The second cause of action for premises liability also requires proof of negligence: "Although a premises 'owner is not an insurer of the safety of its patrons, [it] does owe them a duty to exercise reasonable care in keeping the premises reasonably safe. [Citations.]' [Citation.] Thus, a claim of premises liability shares all elements of a claim for ordinary negligence, namely, 'duty, breach, causation, and damages.'" (*Stokes v. Forty Niners Stadium Management Co., LLC* (2024) 107 Cal.App.5th 1199, 1216.) Joseph's loss of consortium claim also requires a showing of negligence because his claim depends on his wife's ability to demonstrate a

6

its design of the water feature and/or its maintenance of the area where Orlevia fell.  We independently review the grant of summary judgment to determine whether there are triable issues of material fact.  (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142; Code Civ. Proc., § 437c, subd. (c).)

"Ostensible agency . . . turns on whether 'the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent' even though the third person is not *actually* an agent.  [Citations.]  [¶]  A defendant may be held liable as a 'principal' for the acts of the defendant's ostensible agent (that is, the third party who is not actually his agent) only if (1) the plaintiff, when dealing with the agent, did so 'with [a reasonable] belief in the agent's authority,' (2) that 'belief [was] generated by some act or neglect by the principal,' and (3) the plaintiff was not negligent in relying on the agent's apparent authority.  [Citations.] . . .  [T]he appearance of agency 'must be based on the acts or declarations *of the principal* and not solely upon the agent's conduct.'  (*Emery v. Visa Internat. Services Assn.* (2002) 95 Cal.App.4th 952, 961; see *Kaplan v. Coldwell Banker Residential Affiliates, Inc.* (1997) 59 Cal.App.4th 741, 747 [(*Kaplan*)].)"  (*Pereda v. Atos Jiu Jitsu LLC* (2022) 85 Cal.App.5th 759, 767 (*Pereda*).)

---

compensable personal injury.  (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 746 ["cause of action for loss of consortium is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse"]; *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533 [husband's loss of consortium claim is "derivative because it does not arise unless his wife has sustained a personal injury"].)

In the context of franchises, the franchisee is not the franchisor's agent if the two businesses have "a bona fide franchisor relationship"—that is, the franchisor "share[s] its goodwill with its franchisees without assuming all responsibility for how they operate their otherwise independent businesses." (*Pereda*, *supra*, 85 Cal.App.5th at p. 769.)  In that case, a franchisor is liable for the conduct of the franchisee under an actual agency theory "only if the franchisor actually exercises control—or is reasonably believed to exercise control—over the ' "means and manner" ' of the franchisee's operation that caused the plaintiff's alleged injury."  (*Id.* at p. 770.)

"It is not enough to show that the franchisor and franchisee have 'some relationship,' " that the franchisor "has allowed the franchisee to use its trade name and good will," or that "the franchisor's name appears on some of the materials used by the franchisee."  (*Pereda*, *supra*, 85 Cal.App.5th at p. 770.)  In contrast, a franchisor's "affirmative 'advertising campaign' . . . [that] conveyed that it ' "stood behind" ' all of its franchises" may give rise to a reasonable belief that the franchisee is the ostensible agent of the franchisor.  (*Id.*)

Here, plaintiffs urge that there is a question of fact regarding Nobu's ostensible agency because (1) Nobu "permitted [the hotel] to advertise with its name and brand," (2) "had the authority to inspect the hotel at any time," (3) "set standards it expected [the hotel] to follow," and (4) "Nobu's own website advertises [the hotel] as one of its locations."  These purported "facts" either are not supported by the record or do not give rise to triable issues of material fact.  In support of the first proposition, plaintiffs cite to an email they received from "Warren Hill & The Music Getaways Team," the company that organized

8

the jazz festival plaintiffs were attending.  But as we have said, ostensible agency is created by representations made by *the purported principal*, not by an asserted agent or third parties. (*Pereda*, *supra*, 85 Cal.App.5th at p. 768 ["[T]he appearance of agency 'must be based on the acts or declarations *of the principal* and not solely upon the agent's conduct' "]; *Kaplan, supra*, 59 Cal.App.4th at p. 747 ["The ostensible authority of an agent cannot be based solely upon the agent's conduct"].)  A statement by Warren Hill, therefore, cannot give rise to a triable issue of fact as to an ostensible agency relationship between the hotel and Nobu.

The second and third facts, while supported by the record, do not create triable issues as to ostensible agency.  Specifically, plaintiffs cite no authority for the proposition that the mere authority to set standards for or to inspect the hotel, without more, is sufficient to give rise to ostensible agency.

Finally, the fourth asserted fact is not followed by any citation to the record, and we decline to "scour the record unguided."  (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.)

For the foregoing reasons, plaintiffs have failed to demonstrate any triable issues of material fact as to Nobu's liability for the alleged negligence that caused plaintiffs' injuries. Summary judgment, thus, was properly granted.

9

**DISPOSITION**

The judgment is affirmed.  Respondent Nobu Hospitality LLC is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



EGERTON, J.



ADAMS, J.

10